**CUSTOM LEASING, INC., Plaintiff,**

v.

**W. S. GARDNER, Defendant.**

**No. GC 6643–S.**

United States District Court
N. D. Mississippi,
Greenville Division.

Dec. 17, 1969.

Philip Mansour, Greenville, Miss., for plaintiff.

H. L. Merideth, Jr., Robertshaw, Merideth & Swank, Greenville, Miss., for defendant.

## MEMORANDUM OPINION

ORMA R. SMITH, District Judge.

The complaint in the case sub judice was filed in this Court on August 9, 1966. The complaint sets forth that a judgment was rendered in favor of the plaintiff, Custom Leasing, Inc., a Texas Corporation, against the defendant, W. S. Gardner, in the Seventy-Second District Court of Lubbock County, Texas, for the amount of $16,566.98, plus 6% per annum from the date of the judgment. Attached to the complaint is a copy of the judgment which is dated August 12, 1965. In this action the plaintiff seeks a judgment against the de-

fendant in the amount of $16,566.98, with interest of 6% per annum from August 12, 1965, together with costs.

In his answer the defendant sets forth that the Texas Court did not have jurisdiction to enter the judgment because the record in the Texas Court does not affirmatively show that the service of process requirements of the Texas Long Arm Statute (Art. 2031b, Texas Civil Statutes) were fulfilled in that: (a) The record does not show by affirmative allegations that the defendant did not maintain a place of regular business in Texas or a designated agent upon whom service may be made as required by § 3 of the said Article, (b) The record does not show that the Secretary of State of Texas forwarded a copy of the process issued by the Court to the defendant as required by § 5 of the said Article. The defendant further alleges that Article 2031b, Texas Civil Statutes, violates the Fourteenth Amendment to the Constitution of the United States, and if the Article does not violate the Constitution, the Texas Court did not have jurisdiction of the defendant so that it might render a judgment against him.

The cause came on for trial before the Court without a jury on September 5, 1969, in the United States District Court, Greenville, Mississippi.

## FINDINGS OF FACT

The plaintiff offered in evidence a certified copy of the judgment rendered in the Seventy-Second District Court of Lubbock County, Texas, in the case of Custom Leasing, Inc., v. W. S. Gardner, No. 48,242, which judgment was rendered on August 12, 1965. The plaintiff further offered in evidence a certificate of the Secretary of State of Texas which certifies that on July 1, 1965, the Secretary of State of Texas received a citation issued out of the Seventy-Second District Court of Lubbock County, Texas, No. 48,242, styled Custom Leasing v. W. S. Gardner and that a copy was forwarded on July 1, 1965 by certified mail, return receipt requested, to W. S. Gardner, Route #1, Glen Allan, Mississippi.

The certificate further states that the return receipt was received in the office of the Secretary of State of Texas carrying the signature of the addressee and was dated July 3, 1966. In order to clarify the record, this Court entered an order on November 4, 1969, which allowed counsel 15 days within which to submit such further certificates as might clarify the record. On November 17, 1969, the plaintiff filed another certificate from the Office of the Secretary of State of Texas which shows that the return receipt from W. S. Gardner was received on July 3, 1965.

The defendant introduced in evidence the certified copy of the plaintiff's original petition, citation for personal service, and the judgment of the Texas Court. The defendant introduced in evidence a copy of a letter from counsel for the defendant to the Clerk of the District Court of Lubbock County, Texas in which letter counsel requests a certified, authenticated copy of the entire court file of Custom Leasing, Inc. v. W. S. Gardner, No. 48,242. Finally the defendant introduced a copy of a contract between Custom Leasing, Inc., and W. S. Gardner which is dated March 28, 1964, and which is marked void across the face of the instrument.

The certified petition of the plaintiff in the Texas Court (which is included in Defendant's Exhibit No. 2) sets forth the following facts with regard to the defendant:

"Plaintiff is a corporation duly organized and incorporated under the laws of the State of Texas, with its principal place of business in Lubbock, Lubbock County, Texas. The defendant, W. S. Gardner, is a resident of Issaquena County, Mississippi and is a non-resident of the State of Texas. Plaintiff would show that the defendant has not appointed or maintained a designated agent in the State of Texas upon whom service of process may be had, the defendant has conducted business in the State of Texas in that the contract upon which this suit is based

is performable in the State of Texas and thereby pursuant to the provisions of Article 2031B of the Revised Civil Statutes of Texas, the defendant is conclusively presumed to have designated the Secretary of State of Texas as his true and lawful attorney upon whom service of process in this cause may be had. The home address of the defendant is Route 1, Glen Allan, Mississippi."

There is no allegation in the petition that the defendant does not maintain a regular place of business in Texas.

The defendant, W. S. Gardner, took the stand and testified that he obtained certain equipment, through a lease contract which was the subject of the Texas judgment, through Joe Jones Equipment Company at Rolling Fork, Mississippi. The defendant failed to make payment on the lease and the equipment was repossessed. When asked whom he leased the equipment from, Gardner replied "well, Joe Jones handled the paper, but it was Custom Leasing". He testified that he signed all of the papers in Rolling Fork, Mississippi.

Gardner stated that the first lease that he signed was turned down and a second lease was sent to him, which lease had a shorter expiration date. On cross-examination, counsel attempted to show that the second lease was resubmitted to Gardner, after signature, for the purpose of Gardner initialing the lease. Gardner stated that he did not remember initialing the lease, but that the initials look like his own and he would not deny putting the initials on the lease. In Defendant's Exhibit No. 2 there is a copy of the lease which was sued upon in the Texas Court. On the lease there is a signature, W. S. Gardner, and the initials, W. S. G. appear two times: (1) By the signature W. S. Gardner (2) By the clause "Payable and performable in Lubbock, Lubbock County, Texas).

With regard to the payments on the lease, Gardner testified that he made the first payment to Joe Jones Equipment Company, but that the other payments were made payable to Custom Leasing, Inc.

When asked if he recalled receiving notice from the Secretary of State of Texas that suit had been filed against him in Texas, Gardner replied "Not to my knowledge". When asked if he would deny receiving notice Gardner replied "I did not say that, I said not to my knowledge".

The Court finds that W. S. Gardner signed the lease within the State of Mississippi and that the equipment was released to him in the State of Mississippi. The Court further finds that defendant W. S. Gardner knew and realized that he was purchasing the equipment from a Texas corporation and that ultimate approval of the lease contract had to be made by the Texas corporation. Finally, the Court finds that the petition of the plaintiff in the Texas Court did not contain an allegation that the defendant does not maintain a regular place of business in Texas.

## CONCLUSIONS OF LAW

After due consideration the Court feels that the defendant has two main defenses: (1) That the plaintiff did not comply with the Texas statutes so that there was no jurisdiction in the Texas Court for the default judgment, (2) That the defendant did not have sufficient minimum contacts with the State of Texas so that the Texas Court could render a judgment without abridging the defendant's rights under the due process clause of the Fourteenth Amendment.

█ With regard to the latter point the Court feels that under McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, and its progeny there is no doubt but that the defendant had sufficient contact with the State of Texas. The defendant stated that he knew that he was dealing with a Texas corporation. The contract that he signed had to go to Texas for final approval. The defendant's initials appear

beside the clause "Payable and performable in Lubbock, Lubbock County, Texas". Finally, the defendant made payments to the Texas corporation.

It is obvious that Texas had a rational nexus between the fundamental events giving rise to the cause of action so that the state had sufficient interest to compel the defendant to defend in the Texas forum. Curtis Publishing Company v. Birdsong, 360 F.2d 344 at 346, 5 Cir. 1966. See also "Construction and Application of State Statutes or Rules of Court Predicating In personam Jurisdiction Over Non-residents Or Foreign Corporations On Making Or Performing A Contract Within The State," 23 A.L. R. 3rd 551 at 598.

The Supreme Court case of National Equipment Rental, Ltd. v. Szukhent et al., 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 is factually similar to the case sub judice. Though in that case the main legal point was whether there was an agency created in a lease contract for the purpose of service of process. The case involves a Michigan farmer who leased two incubators from a corporation whose principal place of business was New York City. The lease contract designated the wife of one of the corporate lessor's officers as agent for the purpose of accepting service of process within the State of New York. The Court held that the agency was valid and stated thus at 375 U.S. 316, 84 S.Ct. 414: "and it is settled, as the courts below recognized, that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether".

■ Nevertheless, the Court feels that the defendant's defense of failure to comply with the Texas statutes is well taken. The first question which entered the Court's mind was the extent to which the defendant could collaterally attack the Texas judgment. § 11 of the Restatement of Judgments states "A judgment which is void is subject to collateral attack both in the state in which

it is rendered and in other states". § 5 of the Restatement of Judgments states: "A judgment is void unless the state in which it is rendered has jurisdiction to subject to its control the parties or the property or status sought to be affected." Thus a Federal Court can review the judgment of a State Court when the State Court lacks jurisdiction of the subject matter or entered a judgment it had no power to enter or the judgment was obtained without due process. Davidson v. General Finance Corporation, 295 F.Supp. 878, 881, N.D.Ga.1968; Daniels v. Thomas, 225 F.2d 795, 797, 10 Cir.1955.

■ In Adam v. Saenger, 303 U.S. 59, 62, 58 S.Ct. 454, 82 L.Ed. 649, the Supreme Court states:

"If it appears on its face to be a record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself. Hanley v. Donoghue, 116 U.S. 1 [6 S.Ct. 242, 29 L.Ed. 535]; Knowles v. Gaslight and Coke Co., 19 Wall. 58 [22 L.Ed. 70]; Settlemire v. Sullivan, 97 U.S. 444 [24 L.Ed. 1110]. But in a suit upon the judgment of another state the jurisdiction of the court which rendered it is open to judicial inquiry, Chicago Life Insurance Co. v. Cherry, 244 U.S. 25 [37 S.Ct. 492, 61 L.Ed. 966], and when the matter of fact or law on which jurisdiction depends was not litigated in the original suit it is a matter to be adjudicated in the suit founded upon the judgment."

Yet, it is well settled that a judgment presumes jurisdiction over the subject matter and over the parties and the "burden of undermining the decree of a sister state 'rests heavily upon the assailant' ". Cook v. Cook, 342 U.S. 126 at 128, 72 S.Ct. 157 at 159, 96 L.Ed. 146; Berkman v. Ann Lewis Shops, Inc., 246 F.2d 44, 2 Cir.1957; Revies v. Lloyd, 205 F.Supp. 441, W.D.La.1962.

Having decided that the jurisdiction of the Texas Court can be questioned,

the Court must determine if the jurisdictional prerequisites were present in the Texas Court. Article 2031b, § 3 of the Texas Civil Statutes provides:

"Any foreign corporation, association, joint stock company, partnership, or non-resident natural person that engages in business in this State, irrespective of any Statute or law respecting designation or maintanance of resident agents, and does not maintain a place of regular business in this State or a designated agent upon whom service may be made upon causes of action arising out of such business done in this State, the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such foreign corporation, joint stock company, association, partnership, or non-resident natural person of the Secretary of State of Texas as agent upon whom service of process may be made in any action, suit or proceedings arising out of such business done in this State, wherein such corporation, joint stock company, association, partnership, or non-resident natural person is a party or is to be made a party".

■ The main decision interpreting this statute is McKanna v. Edgar, 388 S.W.2d 927, 1965. On page 929 the Supreme Court of Texas states:

"Edgar alleged in his petition that Eileen Ann McKanna resided in Orange County, California, and that she executed and delivered to Edgar her note 'payable to the order of plaintiff at 1210 Perry-Brooks Building, Austin, Texas * * *.' These allegations comply with the requirements of Section 3 of Article 2031b that McKanna be a nonresident and, as stipulated, be doing business in this State. But there are no allegations that McKanna 'does not maintain a place of regular business in this State or a designated agent upon whom service may be made.' The nonexistence of those two conditions is shown to be a necessary prerequisite to the applicability of

Section 3 because of the language used in Section 2. Section 2 provides:

'When any * * * non-resident natural person * * * shall engage in business in this State * * * service may be made by serving a copy of the process with the person who * * * is in charge of any business in which the defendant or defendants are engaged * * *.'

"If the defendant had a regular place of business or a designated agent in Texas, we doubt that it could be successfully contended that service of process could be made on the Secretary of State. We hold under the clear language of Article 2031b that 'the intent is to permit resort to Section 3 only if Section 2 is not available.' Counts, More on Rule 120a, 28 Tex.B.J. 95, 137 (Feb. 1965). This holding is in accord with the established law of this State that it is imperative and essential that the record affirmatively show a strict compliance with the provided mode of service."

Thus the Supreme Court of Texas held that parties must strictly comply with the statute allowing service of process on nonresident defendants.

In Castle v. Berg, 415 S.W.2d 523, 1967, the Court of Civil Appeals of Dallas states:

"Resort can be had to Section 3, of Article 2031b, only if Section 2 is unavailable. McKanna v. Edgar, supra. It was also held in that case that a plaintiff seeking to obtain substituted service under Section 3 by serving the Secretary of State must necessarily allege that the defendant 'does not maintain a place of regular business in this State or a designated agent upon whom service may be made.' The nonexistence of both of these conditions is a necessary prerequisite to the applicability of Section 3 because Section 2 provides that if such a place of business is maintained service may be made by serving the person in charge of such business. Not only did appellee fail to allege the absence of a

place of regular business maintained in Texas by appellant, but the proof showed that in fact he did maintain such a place of business, to-wit, the apartment buildings. Under these circumstances, service on the Secretary of State was not authorized."

In O'Boyle v. Bevil, 259 F.2d 506, 5 Cir.1958, the Fifth Circuit set aside a Texas judgment, which had been rendered in an in rem proceeding, because the method of service by publication to the nonresident was not strictly followed. In that case the Texas rule provided that:

"Rule 109: 'Where a party to a suit, his agent or attorney, shall make oath when the suit is instituted or at any time during its progress, that any party defendant therein is a non-resident of the State, or that he is absent from the State, or that he is a transient person, or that his residence is unknown to affiant, the clerk shall issue a *citation for such defendant for service by publication.*'" 259 F.2d at 510, note 3.

However, in the State suit the affidavit was made two days before the suit was filed. The Federal Court held that the failure to follow the procedure vitiated the entire proceeding and hence there could be no legal citation and publication.

■ Thus it seems to this Court that in this case the allegation that the defendant did not maintain a regular place of business in Texas was a necessary prerequisite to the jurisdiction of the Texas court. Since the allegation was not present in the plaintiff's petition, and there is no evidence of the allegation in the record, the judgment of the Texas Court is void and the complaint of the plaintiff in this action shall be dismissed without prejudice. This does not prevent the plaintiff from going back to the Texas Court, filing a petition that meets all of the prerequisites of jurisdiction, and attempting to obtain another judgment.

An appropriate order will be entered.

## ORDER

In accordance with the Memorandum Opinion signed this day in the aforesaid cause, it is

Ordered:

1) That the cause shall be and hereby is dismissed with prejudice to the parties to bring any further action in any court on the judgment rendered in Cause No. 48,242, in the Seventy-Second District Court of Lubbock County, Texas, which is styled Custom Leasing, Inc. v. W. S. Gardner. That the dismissal shall be without prejudice to the parties to initiate and pursue another action in any court based on the facts, circumstances and cause of action set forth in Cause No. 48,242, in the Seventy-Second District Court of Lubbock County, Texas, which is styled Custom Leasing, Inc. v. W. S. Gardner.

2) That the costs herein are taxed against the plaintiff.