**Edelmiro Martinez RIVERA, Plaintiff,**

v.

**Jose Trias MONGE, Carlos V. Davila, Hiram Torres Rigual, Angel M. Martin, Jorge Diaz Cruz, Carlos J. Irizarry Yunque and Antonio S. Negron Garcia, Defendants.**

**Civ. No. 77–1861.**

United States District Court,
D. Puerto Rico.

Feb. 8, 1978.

Edelmiro Martinez, Jr., Rafael Orraca Rodriguez, Hato Rey, P. R., for plaintiff.

Secretary of Justice, Lino J. Saldaña, Santurce, P. R., for defendants.

## OPINION

PESQUERA, District Judge.

The present action was filed by plaintiff under 42. U.S.C. § 1983 and 28 U.S.C. § 1343(3), (4) against defendants in their capacity as Justices of the Supreme Court of Puerto Rico, seeking declaratory and injunctive relief against a judgment suspending him from practice as an attorney at law for a period of six months.

It is alleged that the aforementioned suspension is null and void insofar as it was

effected in gross violation of plaintiff's rights under the Constitution of the United States, particularly his due process rights under the Fourteenth Amendment thereto.

The parties have submitted an extensive stipulation wherein they agree on the facts that gave rise to the instant action. Additionally, various documents concerning the suspension proceedings have been filed and made part of the aforementioned stipulation.

In their answer to the complaint, defendants raised four basic defenses which subsequently became the grounds for a motion for summary judgment filed on January 16, 1978. Said motion was denied, as the Court was of the opinion that a more expeditious disposition of the instant case[1] would be achieved through a prompt setting of the hearing on the order to show cause wherein any defenses or jurisdictional attacks could be advanced by defendants. The hearing was held on January 19, 1978 and the case stood submitted upon the filing of additional memoranda by the parties.

In their answer to the complaint and motion for summary judgment, defendants raised various points as grounds for dismissal, to wit, lack of jurisdiction, judicial immunity, *res judicata* and collateral estoppel. In view of the fact that we have dismissed for lack of jurisdiction, discussion of the remaining issues is unnecessary.[2]

Defendants' most trenchant argument, heretofore propounded by this Court as authority for dismissal[3] is the doctrine established by the Supreme Court of the United States in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). *Rooker* concerned a suit brought as a bill in equity in the U.S. District Court to nullify a judgment of an Indiana court which had been affirmed by the Supreme Court of that state. The judgment was attacked on the grounds that it violated the contract, due process and equal protection clauses of the Constitution of the United States. In affirming the district court's dismissal, the Supreme Court stated:

"It affirmatively appears from the bill that the judgment was rendered in a cause wherein the circuit court had jurisdiction of both the subject-matter and the parties, that a full hearing was had therein, that the judgment was responsive to the issues, and that it was affirmed by the Supreme Court of the State on an appeal by the plaintiffs. (citation omitted) If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication.

---

1. Insofar as plaintiff was suspended for a period of six months, three of which had already elapsed by the time the motion for summary judgment was filed, any delay occasioned by pretrial proceedings could have mooted the case. Accordingly, this Court believed that the instant action was of the type in which our entertaining of a motion for summary judgment could result in an unwarranted delay in the proceedings.

2. See, however, regarding *res judicata* and collateral estoppel, *Turco v. Monroe Cty. Bar Ass'n*, 554 F.2d 515 (2 Cir., 1977); *Goodrich v. Supreme Court of South Dakota*, 511 F.2d 316 (8 Cir., 1975); *Shadid v. Oklahoma City*, 494 F.2d 1267 (10 Cir., 1974); *Johnson v. Department of Water & Power*, 450 F.2d 294 (9 Cir., 1971), Cert. Den. 405 U.S. 1072, 92 S.Ct. 1525, 31 L.Ed.2d 806; *Spence v. Latting*, 512 F.2d 93

(10 Cir., 1970); *Scoggin v. Schrunk*, 522 F.2d 436, 437 (9 Cir., 1975); *Lovely v. Laliberte*, 498 F.2d 1261 (1 Cir., 1974), Cert. Den. 419 U.S. 1038, 98 S.Ct. 526, 42 L.Ed.2d 416; *P. I. Enterprises v. Cataldo*, 457 F.2d 1012 (1 Cir., 1972); Torke, *Res Judicata in Federal Civil Rights Actions Following State Litigation*, 9 Indiana L.Rev. 543 (1976); *Courts—Relationship of Federal and State Courts—Prior State Judgment not Res Judicata in Federal Section 1983 Action as to Due Process claim which was not litigated in the State Adjudication*, 88 Harv.L. Rev. 453 (1974). Regarding the requirement of identity of parties, see *First Nat. Bank v. Mattingly*, 312 F.2d 603; *Westmoreland v. Mississippi Power & Light Co.*, 172 F.2d 643; *Brown v. Fletcher*, 231 F. 92.

3. See our Order of January 27, 1978 in this case.

**50**

(citations omitted) Under the legislation of Congress, no court of the United States other than this Court could entertain a proceeding to reverse or modify the judgment for errors of that character. (citations omitted) To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original." (263 U.S. at 415–416, 44 S.Ct. at 150.)

The rationale exposed by *Rooker, supra,* has been applied by lower federal courts in various types of actions wherein plaintiffs sought federal relief from state civil judgments. Some decisions have conditioned their rulings to actions in which the federal questions had been *voluntarily* submitted to the state court. See, e. g. *Jack's Fruit Co. v. Growers Marketing Service, Inc.,* 488 F.2d 493 (5 Cir., 1973); *E. B. Elliot Adv. Co. v. Metropolitan Dade County,* 425 F.2d 1141 (5 Cir., 1970), petition dism., 400 U.S. 805; *Brown v. Chastain,* 416 F.2d 1012 (5 Cir., 1969), Cert. Den. 397 U.S. 951, 90 S.Ct. 976, 25 L.Ed.2d 134; *Davis v. Adams,* 315 F.Supp. 1293 (D.C.Fla.1970). The rule has also been applied in cases under the Civil Rights Act. *Anderson v. Lecon Properties, Inc.,* 457 F.2d 929 (8 Cir., 1972), Cert. Den. 409 U.S. 879, 92 S.Ct. 132, 34 L.Ed.2d 133; *O'Connor v. O'Connor,* 315 F.2d 420 (5 Cir., 1963), and others. Moreover, *Rooker*-type dismissal has been deemed proper in suits challenging state disbarment proceedings. *Tang v. Appellate Division of New York Supreme Court,* 487 F.2d 138 (2 Cir., 1974), Cert. Den. 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111; *In re Rhodes,* 370 F.2d 411 (8

Cir., 1967), Cert. Den. 386 U.S. 999, 87 S.Ct. 1321, 18 L.Ed.2d 349; *Clark v. State of Washington,* 366 F.2d 678 (9 Cir., 1966); *Kay v. The Florida Bar,* 323 F.Supp. 1149 (D.C.Fla., 1971); *Jones v. Hulse,* 267 F.Supp. 37 (D.C.Mo., 1967), Aff'd. 391 F.2d 198, Cert. Den. 393 U.S. 889, 89 S.Ct. 206, 21 L.Ed.2d 167; *Gately v. Sutton,* 310 F.2d 107 (10 Cir., 1962) and cases cited therein at 310 F.2d 108. But see *Getty v. Reed,* 547 F.2d 971 (6 Cir., 1977). Dismissal for lack of jurisdiction has been likewise effected when the state judgments are challenged on due process grounds. *Doe v. Pringle,* 550 F.2d 596 (10 Cir., 1976; *Lektro-Vend Corp. v. Vendo Co.,* 403 F.Supp. 527 (D.C.Ill., 1975); *Atchley v. Greenhill,* 373 F.Supp. 512 (D.C. Tex., 1974), Aff'd. 517 F.2d 692, Reh. Den. 521 F.2d 814 and others. But Cf. *Davidson v. General Finance Corp.,* 295 F.Supp. 878 (D.C.Ga., 1968); *Custom Leasing, Inc. v. Gardner,* 307 F.Supp. 161 (D.C.Miss., 1969).

■ The applicability of the *Rooker* rule seems to be dependent upon two main factors: First, whether the federal suit is in fact one for review of a state judgment;[4] and second, whether the state court had jurisdiction to issue such a judgment.[5]

■ Regarding the nature of the instant case, we have no doubts that it is for review of the local Supreme Court's judgment of suspension. The complaint filed herein prays for a "judgment holding void and invalid the decree by which the defendants ordered the plaintiff . . . suspended in the exercise of his practice as an attorney

4. If this were not the case, be it because the nature of the complaint so indicated or because the complaint itself was amended, the federal court would have jurisdiction, although the suit would still be susceptible to dismissal under the doctrine of *res judicata.* See *The Res Judicata Effect of Prior State Court Judgments on Subsequent Section 1983 Actions,* 90 Harv.L. Rev. 1331, at 1334, n. 14 (1977). Cf. also Redish and Muench, *Adjudication of Federal Causes of Action in State Court,* 75 Mich.L.Rev. 311 (1976). Of course, if the state court did not consider the federal claim, the standards posed in *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1974) and in *Lovely v. Laliberte, supra,* would come into play, always bearing in

mind the need for identity of the parties if *res judicata* is to apply. See 498 F.2d at 1263. But see *P. I. Enterprises v. Cataldo, supra* and *Bricker v. Crane,* 468 F.2d 1228 (1 Cir., 1972), Cert. Den. 410 U.S. 930, 93 S.Ct. 1368, 35 L.Ed.2d 592, regarding the applicability of collateral estoppel, absent the identity of parties. Cf. generally Stolz, *Federal Review of State Court Decisions of Federal Questions: The Need of Additional Appellate Capacity,* 64 Calif.L.Rev. 934 (1976).

5. *Rooker, supra,* 263 U.S. at 416, 44 S.Ct. 149, *Custom Leasing, Inc. v. Gardner,* 307 F.Supp. 161 (D.C.Miss., 1969).

at law for the term of six (6) months".[6] In spite of some procrustean argumentation by plaintiff, he has been unable to convince us otherwise. He has not at any time made any efforts to amend the complaint; on the contrary, he has insisted that the judgment be enjoined, and has further been persistent in his requests that this Court enter into the mental process and juridical analysis of defendants herein regarding their determination to suspend plaintiff. Plaintiff's intention to seek review cannot be more evident.[7]

Plaintiff does not seriously quarrel with the jurisdiction of the Supreme Court to discipline lawyers. See 4 LPRA §§ 735–739. His objections are mainly allegations of procedural infirmities throughout the suspension trial. However, due process attacks on a state judgment of disbarment fall out of the jurisdictional sphere of federal district courts. *Doe v. Pringle, supra; McKay v. Nesbett*, 412 F.2d 846 (9 Cir., 1969), Cert. Den. 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425. See also *Feldman v. State Board of Law Examiners*, 438 F.2d 699 (8 Cir., 1967); *Ginger v. Circuit Court for County of Wayne*, 372 F.2d 621 (6 Cir., 1967), Cert. Den. 387 U.S. 935, 87 S.Ct. 2061, 18 L.Ed.2d 998 (1967) and are not necessarily determinative of whether the state court had jurisdiction.to issue such a judgment. Such contentions may only be reviewed by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in this Court. The reasons for such doctrine are well grounded. As stated in *McKay v. Nesbett, supra* :

> "[This] rule serves substantial policy interests arising from the historic relationship between state judicial systems and the members of their respective bars, and between the state and federal judicial systems." (412 F.2d at 846)

The foregoing constitute the reasons for our dismissal of the instant action.

6. Complaint, p. 7.

7. Plaintiff's sporadic incursions at the constitutionality of the canons of ethics under which he

was suspended are likewise unconvincing, as they are but attempts to have this Court pass upon one of his arguments before the state court.