William J. VORBECK, Plaintiff,

v.

Donald H. WHALEY, Clarence T. Hunter, Suzanne Hart, John A. Schicker, Jr., James F. Conway, as the Board of St. Louis Police Commissioners of the City of St. Louis, Defendants.

No. 79–941C(C).

United States District Court,
E. D. Missouri, E. D.

Oct. 18, 1979.

C. John Pleban, St. Louis, Mo., for plaintiff.

William W. Cody, St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, District Judge.

This matter is now before the Court on plaintiff's motion to reconsider the order and memorandum of this Court dismissing plaintiff's complaint on the basis of the applicable Missouri statute of limitations. That motion is granted.

■ It appears that plaintiff's complaint is maintainable under R.S.Mo. § 516.120, which provides a five year period within which actions may be brought upon a liability created by a statute other than a penalty or forfeiture. Plaintiff's complaint, which does not seek a monetary judgment, is thus timely made. *Peterson v. Fink*, 515 F.2d 815 (8th Cir. 1975), and *State v. Kansas City*, 217 Mo.App. 288, 263 S.W. 516 (Mo.App.1924). The Court's order of dismissal based on the statute of limitations is vacated.

Because the Court elected to grant defendants' motion to dismiss on consideration of only one of two grounds alleged therein, the second ground of dismissal will now be considered. For the reasons stated below, defendants' motion to dismiss on the basis of *res judicata* will be granted.

Plaintiff filed this federal civil rights action on August 2, 1979, and alleges that the St. Louis Police Board of Commissioners violated his constitutional rights by publicly censuring him on May 12, 1976. His complaint alleges jurisdiction of this Court based on 28 U.S.C. §§ 1343, 2201, *et seq.*, and 42 U.S.C. § 1983, but is otherwise nearly identical to his complaints filed in state circuit court and state court of appeals. Both actions were decided adversely to plaintiff.

Defendant contends that the facts and law giving rise to plaintiff's claims were fully litigated in his prior state action, and because the federal cause raises no new issues except a bare civil rights claim, plaintiff's claim has been conclusively adjudicated and, as such, barred by *res judicata*. While plaintiff alleges that he seeks interpretation of federal constitutional law, as opposed to a review of facts adjudicated in state proceedings, the Court cannot agree.

A brief summary of plaintiff's prior state litigation is beneficial to elucidate the similarity of factual and legal issues raised and ruled upon in those proceedings with those alleged in the present action. The facts and parties involved in plaintiff's state trial and appeal are the same as those involved in his federal suit, with the exception that defendants in the present action are successors to the Police Board named in the earlier actions.

In plaintiff's first state action, filed in the Circuit Court of the City of St. Louis, *Vorbeck v. McNeal*, No. 60752–F, plaintiff

sought the same injunctive and declaratory relief as sought herein, claiming deprivation of his first and fourteenth amendment constitutional rights. Plaintiff further alleged damages due to humiliation and ridicule, threatened discipline and discipline without notice or hearing, all as a result of defendants' May 12th censure.

Plaintiff sought a declaration of the state court that he was entitled to notice and a hearing, that there would be no discipline for questioning statements made by defendants without a showing of conduct that was slanderous or otherwise improper, and that the censure was not authorized and was null and void.

In addition, plaintiff sought a state court order compelling the Board of Police Commissioners to give him notice of charges, a hearing, and a full retraction of the censure. All relief sought in the state action is the same as is sought in this federal action.

The state circuit court sustained defendants' motion to dismiss plaintiff's complaint. Plaintiff appealed the ruling, and the Missouri Court of Appeals, accepting as true all facts alleged by plaintiff, affirmed the dismissal. *Vorbeck v. McNeal*, 560 S.W.2d 245 (Mo.1977). A motion for rehearing and/or transfer was denied December 16, 1977, and an application to transfer was denied February 8, 1978.

■ The Eighth Circuit and several other circuits have held that the principle of *res judicata* applies to section 1983 actions and operates as a bar to the relitigation of constitutional issues actually raised as well as to constitutional issues that could have been raised in a prior lawsuit if the second lawsuit concerned the same operative nucleus of fact. *Goodrich v. Supreme Court of South Dakota*, 511 F.2d 316, 318 (8th Cir. 1975).

It is clear from the detailed ruling by the Missouri Court of Appeals in this case that that court litigated plaintiff's constitutional claims properly and fully.

■ Further, the Eighth Circuit has held that a plaintiff may not reinstitute, against the same parties, the same cause of action based on the same array of facts merely by changing legal theories and sovereignties. *Howe v. Brouse*, 422 F.2d 347 (8th Cir. 1970).

■ While the Court finds that dismissal of plaintiff's complaint is allowable on *res judicata* grounds, a second ground for dismissal exists, that of lack of subject matter jurisdiction over plaintiff's claim. Rule 12(b), Fed.R.Civ.P. Plaintiff has brought a claim which fits the language of 28 U.S.C. § 1343, and intends to invoke the original jurisdiction of this Court; the complaint is not cast in the form of an appeal. Nevertheless, no matter how the complaint is worded, it is in substance an appeal. It is an attempt to have this Court examine and rule upon questions that have already have before the Missouri Court of Appeals. If the constitutional questions stated in the complaint actually arose in the state cause, and it is clear that they did, it was the province and duty of the state courts to decide them. For this Court to adjudicate them here would be an improper exercise of appellate jurisdiction. The jurisdiction possessed by the federal district courts is strictly original. *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

■ As to plaintiff's civil rights claim, 42 U.S.C. § 1983 was not designed to be used as a substitute for the right of appeal. *Coogan v. Cincinnati Bar Association*, 431 F.2d 1209 (6th Cir. 1970).

■ Plaintiff asserts that he seeks only an interpretation of federal constitutional law, as opposed to a review of factual issues, but where the facts giving rise to those constitutional claims were fully litigated in the state court, it is inappropriate to interpret the constitution or federal civil rights statutes in the abstract. Accordingly, plaintiff's complaint is dismissed.