538

PARTIDO SOCIALISTA PUERTORRIQUEÑO, recurrente, *v.* COMISIÓN ESTATAL DE ELECCIONES y ADMINISTRADOR GENERAL DE ELECCIONES, recurridos; PARTIDO POPULAR DEMOCRÁTICO, recurrente, *v.* COMISIÓN ESTATAL DE ELECCIONES y ADMINISTRADOR GENERAL DE ELECCIONES, recurridos; PARTIDO SOCIALISTA PUERTORRIQUEÑO, interventor-recurrente, PARTIDO NUEVO PROGRESISTA, recurrido, *v.* COMISIÓN ESTATAL DE ELECCIONES y ADMINISTRADOR GENERAL DE ELECCIONES; PARTIDO POPULAR DEMOCRÁTICO, interventor-recurrente, *v.* COMISIÓN ESTATAL DE ELECCIONES y ADMINISTRADOR GENERAL DE ELECCIONES; PARTIDO POPULAR DEMOCRÁTICO, interventor-recurrente, LUIS A. FERRÉ, ORESTE RAMOS y OTROS, recurridos, *v.* COMISIÓN ESTATAL DE ELECCIONES y ADMINISTRADOR GENERAL DE ELECCIONES; PARTIDO SOCIALISTA PUERTORRIQUEÑO, interventor-recurrente, LUIS A. FERRÉ, ORESTE RAMOS y OTROS, recurridos, *v.* COMISIÓN ESTATAL DE ELECCIONES y ADMINISTRADOR GENERAL DE ELECCIONES.

*Números:* O-80-635,       *Resueltos:* 26 de diciembre de 1980
O-80-646,
O-80-645,
O-80-647,
O-80-658,
O-80-664

*Ludmilia Rivera Burgos, Juan Mari Bras, Carlos Gallisá y Raúl Olmo,* abogados del Partido Socialista Puertorriqueño; *Miguel A. Pagán, Eunice Sein Llompart* y *José A. Carlo,* abogados del Administrador General de Elecciones; *Héctor Reichard, Jr., Oreste Ramos, Virgilio Ramos, Benny F. Cerezo* y *Héctor Laffitte,* abogados del Partido Nuevo Progresista; *Guillermo Mojica Maldonado, Pedro Ortiz Álvarez, José A. Andreu García, Miguel E. Andreu García* y *Miguel D. Lausell,* abogados del Partido Popular Democrático.

PER CURIAM: El 2 diciembre de 1980 este Tribunal, al interpretar ciertas disposiciones de la Ley Electoral de Puerto Rico, cuestión enteramente de ley local en el sentido de reconocer la libre manifestación de voluntad de cada elector, ordenó a la Comisión Estatal de Elecciones que cuente como votos correctamente emitidos ". . . cualesquiera otras [papeletas] en que la intención del elector pueda ser derivada de una marca válida colocada sobre la insignia de dicho partido, aun cuando quede completamente fuera de la línea que circunscribe las candidaturas en la papeleta". 110 D.P.R. 400, 403 (1980).

El 24 de diciembre de 1980, la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico dictó una orden en el caso Civil Núm. 80-2420, *P.N.P. et al.* v. *Gerineldo Barreto Pérez, y P.P.D.* (interventor), que, en esencia, constituye un intento de revocación del dictamen de este Tribunal.

La posición histórica del Tribunal Supremo de Estados Unidos ha sido de máxima deferencia a las decisiones de este

foro sobre asuntos de ley local. *Villanueva* v. *Villanueva*, 239 U.S. 293, 299 (1915) ; *Benítez* v. *Lugo*, 261 U.S. 102 (1923), Holmes; *Rubert Hermanos, Inc.* v. *People of Puerto Rico*, 314 U.S. 641 (1942) ; *Bonet* v. *Yabucoa Sugar Co.*, 306 U.S. 505 (1939) ; *De Castro* v. *Board of Comm's.*, 322 U.S. 451 (1944). La aprobación de la Constitución del Estado Libre Asociado reforzó y amplió esta doctrina. Hoy no se discute que el Tribunal Supremo de Puerto Rico es el máximo intérprete de la Constitución y las leyes de Puerto Rico, en tanto en cuanto no estén en conflicto con la Constitución de los Estados Unidos, al igual que lo son en sus respectivas jurisdicciones los tribunales de última instancia de los estados miembros de la Unión. Tampoco se discute la esfera básica de acción de los tribunales federales. Tanto este Tribunal como los tribunales federales nos hemos esforzado en décadas recientes por respetar la jurisdicción correspondiente a cada foro y evitar las fricciones que macularon antiguamente la relación entre ambos.

■■■ La corte federal de Puerto Rico, un tribunal de primera instancia, no está facultado, sin embargo, para revocar las decisiones que le corresponden al Tribunal Supremo del Estado Libre Asociado de Puerto Rico. *Rooker* v. *Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). La propia corte federal de Puerto Rico ha rechazado antes todo intento de convertirla en un tribunal de apelaciones, aun en casos de derechos civiles. *Clavell Ruiz* v. *Trías Monge*, Civ. Núm. 78-22, decisión no publicada del Juez Torruella, de 28 de febrero de 1978. *Rivera* v. *Monge*, 448 F.Supp. 48 (D.C.P.R. 1978), confirmado en *Martínez Rivera* v. *Trías Monge*, 587 F.2d 539 (1st Cir. 1978).

El empleo en este caso por la referida Corte de Distrito de la ley federal de derechos civiles, 42 U.S.C. 1983, es claramente improcedente. Su orden no garantiza los derechos civiles de unos electores, sino que priva más bien de la franquicia electoral a aquellos votantes a quienes se les reconoció por este

Tribunal el derecho a que su voto fuese contado. En apoyo de su decisión, la Corte de Distrito invoca a *Griffin* v. *Burns*, 570 F.2d 1065 (1st Cir. 1978). Su simple lectura revela patentemente su inaplicabilidad a los hechos de este caso.

■ Este Tribunal Supremo no puede abdicar sus funciones constitucionales ante actuaciones carentes de toda base jurídica a la luz de la propia jurisprudencia federal aplicable. En consecuencia, en cuanto a las mociones de las partes presentadas el 24 y 26 de diciembre de 1980, relacionadas con el alcance de nuestra opinión, a la luz de lo resuelto por la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico, el Tribunal ratifica su decisión de 2 de diciembre de 1980. Cualquier certificación de candidatos o procedimiento que se desvíe de lo allí ordenado carecerá de toda eficacia y será nulo a todo efecto legal.

*Se dictará sentencia de conformidad.*