**Leonel VAZQUEZ, on behalf of his son Lester Vazquez Cruz, Plaintiff,**

v.

**Honorable Delia Lugo BOUGAL, Ponce Juvenile Court Judge, et al., Defendants.**

Civ. No. 81-126 (PG).

United States District Court, D. Puerto Rico.

Sept. 2, 1981.

María Laura Colón, P. R. Legal Services, Río Piedras, P. R., for plaintiff.

Secretary of Justice of P. R., Dept. of Justice of P. R., San Juan, for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Presently before this Court is defendants' Motion to Dismiss and/or for Summary Judgment, filed on February 18, 1981, based on the grounds of *res judicata* and/or collateral estoppel by judgment. On March 16, 1981, plaintiff filed his opposition thereto. Defendants, on April 7, 1981, filed a reply to plaintiff's opposition to defendants' motion to dismiss and request for summary judgment.

As per Order of May 5, 1981, the parties were ordered to submit further briefs in relation to the claims made by the plaintiff on the Equal Protection and Due Process Clause of the United States Constitution.

In compliance with said order plaintiff filed his brief on June 5, 1981, and defendants on June 22, 1981.

Plaintiff filed the instant action alleging violations to the Due Process and Equal Protection Clauses of the United States Constitution, on January 27, 1981. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1343(3) and 42 U.S.C. 1983. Plaintiff also requests declaratory and injunctive relief under 28 U.S.C. 1651, 2201 and 2202.

Plaintiff contends that he, as a juvenile under the jurisdiction of the Juvenile Court of the Commonwealth of Puerto Rico, has been denied the application of the statute of limitations prescribed for criminal actions instituted pursuant to the Penal Code of Puerto Rico, 33 Laws of Puerto Rico Annotated 3412,[1] which is only applicable to adults; and that the failure to apply this statute to juveniles constitutes a violation to their due process and equal protection rights.

Plaintiff is a juvenile presently within the jurisdiction of the Ponce Juvenile Court. On October 16, 1978, complaints were filed against juvenile plaintiff at the Juvenile Division of said court. The allegations of the said complaints state that on June 2, 1977, he was driving an automobile in violation of the traffic laws because although he had a learner's permit, he was not accompanied by a duly authorized driver, and, also, because he caused an accident wherein the driver of the other vehicle was injured. He was charged with violating Articles 3–105(d) and 5–201 of the Vehicle and Traffic Law, 9 L.P.R.A. 655(d) and 871, respectively.[2]

On or around December 19, 1978, plaintiff filed a motion before the Ponce Juvenile Court requesting that the protection of the statute of limitations governing criminal actions be applied to the case of herein plaintiff,[3] and, thus, that insofar as the charges against plaintiff were filed more than a year after the date of the alleged offenses, the charges be dismissed as having prescribed. On March 7, 1979, the Ponce Juvenile Court (Judge Delia Lugo Bougal) issued an order denying plaintiff's petition that the criminal statute of limitations be applied to the juvenile's pending charges. Plaintiff then filed on April 6, 1979, a petition for *certiorari* before the Supreme Court of the Commonwealth of Puerto Rico requesting review of the determination by the Ponce Juvenile Court. The Supreme Court of the Commonwealth of Puerto Rico rendered an Opinion in the case on June 25, 1980, holding that the statute of limitations for criminal actions is not applicable to juvenile proceedings.[4] Plaintiff's trial was already held at the Ponce Juvenile Court. Presently, plaintiff is awaiting ruling whether or not he is a juvenile delinquent based on the evidence presented at said trial.

The complaint in the present action was filed on January 27, 1981, praying for the determination by this Court that the Penal Statute of Limitations is applicable to juvenile proceedings. On February 3, 1981, plaintiff requested this Court to issue an order for defendants to show cause why an order temporarily restraining state juvenile proceedings should not be issued. This Court, by Opinion and Order filed on February 6, 1981, denied the abovementioned re-

---

1. Section 3412 of the Penal Code provides:
   "*Criminal action* shall prescribe:
   "a) After three years in felony cases, except murder, misappropriation of public funds, kidnapping, stealing of children and forgery of public documents which do not prescribe and offenses proceeding from violation of revenue laws which shall prescribe after five years.
   "b) One year in misdemeanor cases, except those proceeding from violations of revenue laws and section 4365 of this title of Failure to Comply with Duty and section 4366 on negligence in Complying with Duty which shall prescribe after four years."

2. The abovementioned charges, if committed by an adult, entail a maximum fine of Five Hundred Dollars ($500), or imprisonment in jail not more than six (6) months, or both, in the discretion of the court. Under Puerto Rican law said violations are misdemeanors. 33 L.P.R.A. 35 and 37.

3. 33 L.P.R.A. 3412(b).

4. Slip Opinion of June 25, 1980, 80 C.A. 67.

quest grounded on the policy of federal non-interference in state pending proceedings, as established by the U. S. Supreme Court in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Trainor v. Hernández*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977), and that plaintiff had not shown the necessary extraordinary circumstances which authorize the federal court to enjoin a state proceeding.

■ It has been established that a state court decision on constitutional issues so presented and decided cannot be raised in a federal court under the Civil Rights Act. *Lovely v. Laliberte*, 498 F.2d 1261 (1 Cir., 1974). A party who has had a full and fair opportunity to litigate constitutional issues before the highest state court cannot use 42 U.S.C. 1983 civil rights action as a means of collateral attack or appeal of the final judgment of the state court. *P. I. Enterprises, Inc., v. Cataldo*, 457 F.2d 1012 (1 Cir., 1972); *Vorbeck v. Whaley*, 478 F.Supp. 1117 (E.D. Mo., 1979).

Thus, the issue before us is to determine whether the federal constitutional issues were raised, litigated and decided at the Juvenile Court and Supreme Court of Puerto Rico.

Plaintiff in the instant case argues that there is no Commonwealth of Puerto Rico decision on the federal issues raised in this suit and that this Court must proceed to adjudicate them. Therefore, this Court must determine if plaintiff raised the constitutional issues under the federal constitution at the Commonwealth courts, or on the contrary, made a specific reservation of his federal constitutional rights at the state court. *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1969).

A reading of the Petition for Certiorari filed by plaintiff in the Supreme Court of the Commonwealth of Puerto Rico and included with the complaint in the present case as Appendix I, reveals that plaintiff did raise the constitutional issue under the federal constitution on various occasions in said document. At the outset, in the jurisdictional pleading, at Page 1, plaintiff invokes the jurisdiction of the Supreme Court of the Commonwealth of Puerto Rico on both the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico, Article II, Sections 1, 7, 11 and 12, and on the Constitution of the United States, Amendments V and XIV.

Then, at pages 9 and 10, plaintiff specifically states:

"Due process of law and Equal Protection under the laws are constitutional guarantees *imposed by the Constitution of the United States* and of the Commonwealth of Puerto Rico that may be asserted in cases where offenses are charged, offenses which had they been committed by adults, would constitute public crimes." (Emphasis added)

Plaintiff then goes on to cite several federal cases [5] which have extended to juvenile proceedings certain constitutional guarantees that are applicable in adult criminal proceedings.

Additionally, at the Juvenile Court, Ponce Part, plaintiff raised the constitutional issues in a motion to dismiss where the issue of the applicability of the criminal statute of limitations to juvenile proceedings was first raised. Plaintiff grounded this argument on the federal constitution.[6] There-

---

5. *Kent v. U. S.*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); *In Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Nieves v. U. S.*, 280 F.Supp. 994 (S.D.N.Y., 1960); *Powell v. Texas*, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968); *Trimble v. Stone*, 187 F.Supp. 483 (D.C.D.C., 1960).

6. Moreover, in plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss

filed on March 16, 1981, at page 7, footnote 2, plaintiff states:
"This case was handled at the state court level by a prior law firm, not by Legal Services Corporation. With all due deference and respect to our brother counsel, we suggest to this Court that whatever might have been the intention of counsel on the first page of the Writ of Appeals, it was not properly cited and thus, that citation should not be considered at all in determining whether the federal claims now pending before this Court

fore, plaintiff unreservedly briefed, argued and submitted for decision at the state court his contention that the denial of the application of the statute of limitations prescribed for criminal actions in the penal code to juveniles constitutes a violation of the Equal Protection and Due Process Clauses of the U. S. Constitution.

Plaintiff alleges that there is no Commonwealth of Puerto Rico court decision on the federal issue raised in this suit, and cites *Fernández v. Trías*, 586 F.2d 848 (1 Cir., 1978) as controlling as to all the issues regarding *res judicata* and collateral estoppel pending before this Court. It was held in that case that only collateral estoppel of issues actually litigated and adjudicated would be applied to a federal plaintiff who had had a prior juvenile state court proceeding.

The *Fernández* case is distinguishable from the case at bar. On that case, complaints were filed in the juvenile court against a minor who was subsequently placed in detention without an adversary probable cause hearing. A petition was filed at the juvenile court requesting a judicial hearing to determine probable cause. Said request was denied orally and a petition for *certiorari* before the Puerto Rico Supreme Court followed. The Supreme Court simply denied *certiorari* without any statement of reasons. The denial of the *certiorari* without reasons does not express any view as to the merits of the cases. *Borinquen Furniture v. District Court*, 78 P.R.R. 858, 861 (1956); *Suárez v. Adminis-*

*trador del Deporte Hípico de P. R.*, 354 F.Supp. 320 (D.P.R., 1972). Therefore, the issue in that case is not whether that claim was actually raised, but whether that claim was actually decided by the Supreme Court of Puerto Rico.

In the present case, the situation is totally different. The Supreme Court of Puerto Rico granted the petition for *certiorari* filed by the juvenile and an opinion was rendered as to the issues presented before it. As to the issue of statute of limitations in juvenile proceedings presented to this Court, the Supreme Court of Puerto Rico stated: "A comparison between the principles underlying the statute of limitations in criminal law and those behind our Act Concerning Minors reveals that the former are not applicable to the proceedings established by said Act.". Slip Opinion, *supra*, at 9. After examining the Supreme Court decision the opinion rendered was based both on the local and federal constitutions, as revealed by some parts of the said opinion touching upon the constitutional issues raised by plaintiff on the petition for certiorari. Based on the aforementioned, we conclude that the federal constitutional claim was actually raised and litigated in the Juvenile Court and the Supreme Court of Puerto Rico.[7]

Under 28 U.S.C. 1738, the federal court must give full faith and credit to that judgment, and it is axiomatic that state courts are deemed bound to uphold the federal constitution with the same vigilance as the federal court. *P. I. Enterprises, Inc. v.*

had been properly presented for adjudication at the state court level."

7. Although this Court believes that the non-application of the statute of limitations to juveniles produces an unfair and onerous result upon a juvenile plaintiff in that the minor is exposed to an unlimited period of time before his charges are filed, a statute of limitations in criminal cases is an act of grace, a surrendering by the sovereign of its right to prosecute. Thus, it is only within the competence of the state legislature to enact a statute of limitations applying it to juvenile cases. The limitation period contained in the Commonwealth Penal Code, 33 L.P.R.A. 3412, is not applicable to minors. Said limitation period applies exclusively to *criminal actions*, and juvenile proceed-

ings are not to be considered of a criminal nature (34 L.P.R.A. 2001 et seq.). Moreover, pursuant to the Penal Code, minority is one of the causes for nonliability (33 L.P.R.A. 3151). Therefore, if the state legislature intended any such meaning, it could have clearly so stated. To hold otherwise is to legislate under the guise of construction. If the present statute is unfair, the remedy is in legislation, not in construction, and the Court cannot apply a statute of limitations to cases not within the construction provision. *Perry v. Allen*, 239 F.2d 107 (5 Cir., 1959); *U. S. v. Satz*, 109 F.Supp. 94 (S.D. N.Y., 1952); *U. S. v. Udell*, 109 F.Supp. 96 (D.Del., 1952); 51 American Jurisprudence 2d, Section 62, at 640.

Cataldo, supra; Sylvander v. New England Home for Little Wanderers, 584 F.2d 1103 (1 Cir., 1978); Lovely v. Laliberte, supra. It has also been held that federal district courts lack jurisdiction of actions if they are in fact suits for review of state court judgments and the state court had jurisdiction to issue such judgments. Rivera v. Monge, 448 F.Supp. 48 (D.P.R., 1978). Moreover, the Civil Rights Act, 42 U.S.C. 1983, was not designed to bring a case into federal court as a substitute to the right of appeal, or to collaterally attack a final judgment of the highest state court and relitigate at federal courts the issues which were decided in said court. Vorbeck v. Whaley, supra; Coogan v. Cincinnati Bar 431 F.2d 1209 (6 Cir., 1970).

The collateral estoppel doctrine operates as to matters actually litigated and decided at a prior trial as in the case at bar. The party asserting collateral estoppel must show that the issue to be concluded is identical to the issue decided in a prior litigation, that it was actually litigated, and that a decision on issues was necessary to the prior judgment. The doctrine may apply even though the party asserting it was not a party or was an involuntary party in the prior case. Also, it is required that the party against whom the plea of estoppel is asserted, has been a party or in privity with a party to the prior adjudication. Porter Dietsch, Inc. v. F. T. C., 605 F.2d 294 (7 Cir., 1979); Matter of Merrill, 594 F.2d 1064 (5 Cir. 1979); Coogan v. Cincinnati Bar, supra.

The present suit is barred under collateral estoppel principles. It is now well settled that when a civil rights action is brought in a federal court which presents the same issue that was decided in a prior state civil action, that prior state judgment may have a collateral estoppel effect upon the federal suit. P. I. Enterprises v. Cataldo, supra; Bricker v. Crane, 468 F.2d 1228 (1 Cir., 1972). Here, plaintiff's civil claim is barred by collateral estoppel since the prior adjudication was in a juvenile proceeding and the issue was finally adjudicated by the Supreme Court of Puerto Rico although the causes of action in each forum differ in

name, for in the Commonwealth of Puerto Rico a juvenile case is denominated as sui generis action rather than a civil or criminal action. R. A. M. v. Tribunal Superior, 102 P.R.R. 270, 273 (1974); Pueblo v. Tribunal Superior, 100 P.R.R. 80, 82–84 (1971). The party against whom the doctrine of collateral estoppel is asserted in this case has been a party in both actions. Cardillo v. Zyla, 486 F.2d 473 (1 Cir., 1973). Therefore, plaintiff is collaterally estopped from relitigating the issues already decided in a prior state suit, Cardillo v. Zyta, supra, since said plaintiff had a full and fair opportunity for judicial resolution of his federal constitutional claim at issue before the Superior and Supreme Courts of Puerto Rico. P. I. Enterprises v. Cataldo, supra.

WHEREFORE, in view of the foregoing, defendants' motion to dismiss, is hereby GRANTED.

IT IS SO ORDERED.

