### REESE v. LOUISVILLE TRUST CO.
No. 6138.

Circuit Court of Appeals, Sixth Circuit.
May 13, 1932.

R. Ruthenburg, of Louisville, Ky., for appellant.

H. H. Nettelroth, of Louisville, Ky. (Robert G. Gordon, Squire R. Ogden, and Gordon, Laurent & Ogden, all of Louisville, Ky., on the brief), for appellee.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

### PER CURIAM.
The state court, having appointed a receiver for the Louisville Trust Company, terminated the receivership upon a plan of reorganization being carried into effect. Appellant appeared in such proceeding and objected to the termination of the receivership.

His objections were overruled and he appealed to the Court of Appeals of Kentucky, where the decree of the lower court was affirmed. Thereupon he instituted the present action in the District Court, suing in behalf of himself and all others similarly situated and claiming that the judgment of the Court of Appeals of Kentucky, affirming the decree of the circuit court of that state, deprived plaintiff of his property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States. No other ground of jurisdiction appearing, plaintiff's appeal was dismissed upon appropriate motion.

We are not here concerned with the merits of plaintiff's other contentions, viz., that he is entitled to restitution of certain trust funds alleged to have been illegally invested by the appellee and to the appointment of a receiver to effect such restitution. No contention was made that the state courts did not have jurisdiction in originally appointing the receiver or in the conduct of such receivership, including its termination. The only contention is that in the exercise of such jurisdiction the state court erred in granting the relief sought by other parties to such action and in denying relief to appellant. Under such circumstances the District Court has no jurisdiction to entertain an action on appellant's behalf in effect to set aside the judgments of the state courts whether such judgments involved the decision of constitutional questions or otherwise. Rooker et al. v. Fidelity Trust Co. et al., 263 U. S. 413, 44 S. Ct. 149, 68 L. Ed. 362.

Affirmed.