**BORLAND et al. v. JOHNSON, Deputy Dist. Atty., et al.**

**No. 8173.**

Circuit Court of Appeals, Ninth Circuit.

Feb. 15, 1937.

Rehearing Denied March 22, 1937.

Martin E. Geibel, of Los Angeles, Cal., for appellants.

U. S. Webb, Atty. Gen., and Bayard Rhone, Deputy Atty. Gen., State of California, and Buron Fitts, Dist. Atty., and Logan Lindley, Deputy Dist. Atty., Everett W. Mattoon, Co. Counsel, and J. F. Moroney, Deputy Co. Counsel, all of Los Angeles, Cal., for appellees.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

HANEY, Circuit Judge.

From a decree dismissing a bill of complaint, filed by appellants to seek relief against the enforcement of the Medical Practice Act (St.1913, p. 722, as amended) by appellees, appellants prosecute this appeal.

The bill alleges that the charter of California University of Liberal Physicians, incorporated under the laws of California, confers the powers "To establish and conduct a college of learning for the purpose of teaching the art of healing and other sciences:" and "To prescribe courses of study and to issue certificates conferring degrees of proficiency and literary honors." It appears from the allegations that complainants were graduated from said institution, and were in possession of diplomas from said institution which had been conferred pursuant to the powers mentioned.

It also appears that complainants were, at all times since April 18, 1935, engaged in the practice of naturopathy in Hawthorne, Cal., and were at all times in possession of a license from the city of Hawthorne to carry on their business of

naturopathy. That Webster's Dictionary defines the word "naturopathy" as "a system of physical culture and drugless treatment of disease by methods supposed to stimulate or assist nature," and that complainants practiced such system and no other system.

It is further alleged that on August 1, 1935, complainants were accused by one Byrne, a special agent for the State Medical Board, "of practicing medicine * * * without the possession of a license under the Medical Practice Act" of California, "in an action of a criminal nature." The bill sets forth the language of the complaint in the state suit, which is in part as follows: "That on the 30th day of July, 1935, * * * the crime of violating section 17, State Medical Practice Act [St.1913, p. 734, § 17, as amended by St.1933, p. 1276] was committed by (complainants), who * * * did wilfully by sign and advertisement, use the letters or prefix 'Dr.' and other terms and letters indicating and implying that they are doctors, physicians, surgeons or practitioners without at the time of so doing having a valid unrevoked certificate of license from the Board of Medical Examiners of the State of California so to do."

It is also averred that complainants appeared in the state action, pleaded "not guilty," and a trial was had before a jury which returned a verdict of guilty. Pursuant to the verdict, judgment was rendered on September 20, 1935, under the terms of which each complainant was fined $100. Thereafter complainants moved to set aside the verdict, for a new trial, and in arrest of judgment, all of which motions were denied. Thereafter complainants appealed under a law of 1933, allowing 15 days within which to take an appeal, to the superior court of the State of California for Los Angeles county. The superior court refused to entertain jurisdiction of the appeal, because the law had been changed, so that an appeal from justice court to the superior court could be taken only within five days in criminal cases, and since complainants had not appealed within five days as provided by section 1467 of the Penal Code (as amended by St.1935, p. 2146), the superior court had no jurisdiction. It is alleged that the change in the law was not known to complainants or their counsel. There is also the following allegation, that from the Superior Court "there is no adequate appeal or other remedy save a Writ of Certiorari to the Supreme Court of the United States, which is very expensive and a burdensome method to have to pursue, and that the defendants therein and complainants herein have no adequate remedy at law or equity except in the above entitled court."

It is alleged that the verdict in the state case was defective in that it did not specify the names of the defendants against whom the verdict was rendered, which defect denies complainants of due process of law in violation of both the Fourteenth Amendment to the Constitution of the United States and the California Constitution. The reason is said to be "that a jury must have before them the names of the defendants in order that the defendants if the judgment should be entered in their favor could plead the same as res adjudicata in the nature of a plea of being once in jeopardy."

There is an allegation also that the jury in the state case were instructed that it was the duty of each of the complainants herein to prove that he had a license to practice medicine; that the failure on the part of the prosecution to prove that complainants were practicing medicine, and the reliance entirely upon the presumption that complainants must prove possession of a license, were violations of the constitutional rights of complainants, as guaranteed to them under articles 4 and 5, and the Fourteenth Amendment to the Constitution of the United States, and article 1, subdivision 13 of the California Constitution. It is alleged that one is presumed to be innocent until proven guilty, but that in the state case, the burden of proof was cast upon complainants.

The change in the California law, shortening the time within which an appeal could have been taken in the state case by complainants, likewise is said to violate the constitutional provisions mentioned in the preceding paragraph, because complainants were entitled to a reasonable time within which to appeal, and that five days was not a reasonable time.

A further allegation is that the Medical Practice Act of the State of California does not define in express words the term "practice of medicine," and its failure to do so renders the act unconstitutional and void, in that it deprives complainants of their property rights without due process of law.

Finally, it is alleged that said Byrne has threatened to prosecute complainants again, and unless he and the other defendants herein are restrained "from so threatening, complainants herein will suffer great and irreparable damage to their reputation and fame, and will be deprived of the means of earning a livelihood and thereby be further irreparably damaged." The value of the business and good will of the complainants, and each of them is alleged to be in excess of $3,000, exclusive of interest and costs.

The prayer was for a temporary stay of the state court judgment until final hearing; for a decree upon final determination, declaring the judgment in the state court nugatory and void; that the Medical Practice Act be declared unconstitutional; for an order restraining defendants herein from further annoying and harassing complainants; for a temporary injunction; and for other things unnecessary to mention.

Defendants herein filed a motion to dismiss, based on the following grounds: (1) Lack of jurisdiction in the court over defendants and the subject-matter; (2) absence of a federal question; (3) that there is an adequate remedy at law; (4) that diversity of citizenship between complainants and defendants was not shown by the bill; and (5) that the bill failed to state facts sufficient to state a cause of suit.

Upon hearing, the lower court dismissed the bill. Findings were made. The lower court concluded as a matter of law (1) that there was no federal question presented by the bill; (2) that complainants had an adequate remedy at law; (3) that the bill did not state facts sufficient to constitute a cause of suit. Decree was entered in accordance therewith, from which this appeal was taken.

The briefs of both complainants and defendants are far from being models of perfection, and we have little if any aid therefrom. Little attempt is made by appellants to sustain the specific charges of unconstitutionality.

Complainants seem to contend that the judgment rendered in the state case was void, because (1) the complaint therein was fatally defective, in that it did not allege in words the statute violated, and in that the violation by complainants was unlawful and wilful; (2) the application of the wrong instruction on burden of proof renders the judgment null as a violation of the presumption of innocence; (3) the verdict failed to name the defendants against whom it was rendered; (4) the judgment does not fix a definite time for payment of the fine. They also seem to contend that the Medical Practice Act is unconstitutional because (1) it does not set forth clearly "what it is that is prohibited," and therefore vague; (2) it leaves the definition of the crime to a ministerial officer, which is "an unwarranted and void delegation of legislative power"; (3) a subordinate officer must interpret the act, which makes the act unreasonable; (4) it is arbitrary. Finally it is contended that the change in the California law shortening the time within which an appeal might be taken is unconstitutional because it is unjust and unreasonable.

It is apparent that the prayer asks for relief against a judgment rendered by a state court on the ground that the statute upon which the action was predicated, is unconstitutional and void. That defense could have been presented in the state action, and possibly it was, for the bill does not say whether or not it was actually presented. Granting of injunctive relief is dependent upon a decision of the constitutionality of the Medical Practice Act. The bill in the instant case shows affirmatively that the state court had jurisdiction of the parties in the action before it; that the violation charged was a misdemeanor,[1] over which the justice court has jurisdiction. Penal Code of Cal. § 1425 (as amended by St.1933, p. 1454).

Under these circumstances, the lower court did not have jurisdiction of the instant suit. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362; Frazier Co. v. Long Beach Tp. (C.C.A.3) 77 F.(2d) 764; Reese v. Louisville Trust Co. (C.C.A.6) 58 F.(2d) 638; Fryberger v. Parker (C.C.A.8) 28 F.(2d) 493. See, also, Essanay Film Mfg. Co. v. Kane, 258 U.S. 358, 42 S.Ct. 318, 66 L.Ed. 658; 28 U.S.C.A. § 378. The contention that the shortening of the time was unjust and unreasonable could likewise have been raised in the state case upon the appeal in the superior court.

---

[1] Act 4807, §§ 17, 24 (2 Gen.Laws Cal. 1931, pp. 2367, 2369 [section 17, as amended by St.1933, p. 1276; St.1931, p. 1139, § 24]).

Since the trial court did not have jurisdiction, it rightly dismissed the bill.

Affirmed.

NETERER, District Judge.

I concur in dismissal.

The plaintiff's prayer being to set aside a state court judgment, enjoin its execution, etc., and the prayer after judgment being final as to the issue involved, Noonan v. Nunan, 76 Cal. 44, 18 P. 98; Arrington v. Licsom, 34 Cal. 365, 94 Am. Dec. 722, shows all essentials to determine this court's jurisdiction. The United States District Court is of limited jurisdiction and review of state court judgments is not one of the granted power, 28 U.S.C.A. § 371, and issuance of writs of injunction to stay state court proceedings is prohibited (28 U.S.C.A. § 379), except when authorized by law in bankruptcy proceedings.

No debatable ground of jurisdictional question is involved.