**Walter R. ANDERSON et al.,
Plaintiffs-Appellants,**

v.

**LECON PROPERTIES, INC., a Minnesota
Corporation, Defendant-Appellee.**

**No. 71–1498.**

United States Court of Appeals,
Eighth Circuit.

March 29, 1972.

Rehearing Denied April 17, 1972.

Harry H. Peterson, Minneapolis, Minn., for plaintiffs-appellants.

Jerome B. Pederson, Fredrikson, Byron, Colborn, Bisbee, Hansen & Perlman, P. A., Minneapolis, Minn., for defendant-appellee.

Before GIBSON, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

This is a civil rights action under 42 U.S.C. § 1983. The facts of the case are unusual.

The plaintiffs in this case obtained a judgment in the District Court of Anoka County, Minnesota, ordering the defendants to reconvey to them certain property, conditioned upon the plaintiffs' payment or tender of the purchase price, taxes, and certain other expenses; the amount of this payment was approximately $200,000. Judgment was entered on May 26, 1969, and plaintiffs had six months from the date of entry of judgment to tender the payment.

Plaintiffs filed a post-trial motion for an enlargement of time in which to make the tender, which was denied. Defendants appealed from the judgment and posted a cost bond, but did not post a supersedeas bond; plaintiffs did not appeal. The appeal was still pending in the Minnesota Supreme Court, without having been briefed or argued, when the six months redemption period of the judgment expired. Thereupon the defendants moved for a remand to the District Court for relief from the judgment. The Supreme Court of Minnesota remanded the case with an order providing that both parties "are authorized to seek such relief from the judgment entered herein as they may be advised."

Following the remand, the State trial court on April 21, 1970 entered a new judgment granting the plaintiffs nine months from the date of entry of the judgment or six months from the date of the final termination of an appeal from the new judgment in which to tender the payment. The defendants then filed a petition for a writ of mandamus in the Supreme Court of Minnesota, alleging that under Minnesota law the trial court was without jurisdiction to enter the new judgment and that the Supreme Court's remand was only for the purpose of determining whether the plaintiffs had made the necessary tender under the terms of the original judgment; the proper disposition of this issue would render moot the rest of the appeal.

The Minnesota Supreme Court granted the defendants' petition and issued a writ of mandamus ordering the trial court to vacate its judgment of April 21, 1970; since by that time it was also conceded that the plaintiffs had not made the necessary tender, the Supreme Court also ordered the trial court to enter a judgment quieting defendants' title to the property. It may be noted here that plaintiffs fully participated in all of these proceedings in the Minnesota state courts. The State trial court promptly complied with the writ of mandamus.

The plaintiffs thereupon instituted this § 1983 action in the United States District Court for the District of Minnesota, alleging that the Supreme Court of Minnesota had no jurisdiction to issue the writ of mandamus, and that its actions deprived plaintiffs of property without due process and denied them equal protection under the Fourteenth Amendment. It is not clear from plaintiffs' complaint whether they seek damages from the defendants in the amount of the value of the property, alleged to be $400,000, or whether they seek reinstatement of the state court judgment of April 21, 1970. In any event the District Court held that plaintiffs were entitled to no relief, and we agree.

We think it clear that the federal district court has no jurisdiction in this case. The parties concede that the Minnesota courts had personal jurisdiction over the parties to the action and it is also clear that they had subject matter jurisdiction over the controversy.

The Minnesota Supreme Court has jurisdiction to issue writs of mandamus by virtue of Minn.Stat. § 480.04. To the extent that there was any error of constitutional magnitude in the Minnesota Supreme Court's decision, plaintiffs' sole recourse was to the Supreme Court of the United States. Federal courts of inferior jurisdiction have no jurisdiction to review alleged errors in state court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Evanson v. Northwest Holding Company, 368 F.2d 531 (8th Cir. 1966). Moreover, we think the District Court accurately demonstrated that the Minnesota Supreme Court correctly decided this case.

The judgment of the District Court is affirmed.