**Walter C. ATCHLEY, Plaintiff-Appellant,**

v.

**Joe R. GREENHILL, Chief Justice, et al., etc., Defendants-Appellees.**

No. 74–2187.

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1975.

Rehearing and Rehearing En Banc Denied Oct. 3, 1975.

Pat S. Holloway, Dallas, Tex., for plaintiff-appellant.

John L. Hill, Atty. Gen. of Tex., Larry York, Asst. Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for Greenhill et al.

Allen Wood, Luther E. Jones, Jr., Corpus Christi, Tex., for Miller.

Before COLEMAN, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This is a civil rights suit, 42 U.S.C., § 1983. It seeks relief from unsuccessful

---

efforts to obtain Texas Supreme Court review of Atchley v. The Superior Oil Company, 482 S.W.2d 883 (Tex.Civ.App., 1972). The litigation involved the legal title to certain valuable oil lands in Texas. No petition for *certiorari* was filed with the Supreme Court of the United States seeking review of the action of the Texas Supreme Court.

The District Court dismissed the suit on several grounds, particularly for lack of jurisdiction over the subject matter, Rule 12(b)(1) F.R.Civ.P.

Upon consideration of the record, briefs, and oral argument heard in Atlanta on May 20, 1975, we are of the opinion that the judgment of the District Court is due to be affirmed. See, e. g., Rooker v. Fidelity Trust Company, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923);[1] Hill v. McClellan, 5 Cir., 1974, 490 F.2d 859; Hanna v. Home Insurance Company, 5 Cir., 1960, 281 F.2d 298, cert. denied 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747.

Affirmed.

---

1. "If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them, and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Until and unless so reversed or modified, it would be an effective adjudication. [Citations omitted] Under the legislation of Congress, no court of the United States other than this Court could entertain a proceeding to reverse or modify the judgment for errors of that character. [Citations omitted] To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original." 263 U.S. at 415, 416, 44 S.Ct. at 150.