NAME OF COMPANY ISSUING IDENTIFICATION CARD: _____

ATTACH PHOTOGRAPH OF APPLICANT HERE

The TOWN OF HOPKINS, SOUTH
CAROLINA, et al., Plaintiffs,

v.

Owens T. COBB, Jr., et al., Defendants.

Civ. A. No. 78-1110.

United States District Court,
D. South Carolina,
Columbia Division.

Feb. 14, 1979.

John R. Harper, II, Columbia, S. C., for plaintiffs.

C. Tolbert Goolsby, Jr., Deputy Atty. Gen., Treva G. Ashworth, Asst. Atty. Gen., James M. Holly, Staff Atty., Columbia, S. C., for Daniel R. McLeod and O. Frank Thornton.

Daniel R. McLeod, Atty. Gen., Victor S. Evans, Deputy Atty. Gen., Katherine W. Hill, Asst. Atty. Gen., Columbia, S. C., for Owens T. Cobb, Jr.

### ORDER ON DEFENDANT THORNTON'S MOTION TO DISMISS

HEMPHILL, District Judge.

This Order treats a motion to dismiss and in the alternative for summary judgment filed on November 21, 1978, on behalf of the Defendant O. Frank Thornton, individually and as Secretary of State of the State of South Carolina. Oral arguments on this motion were presented to the Court on January 24, 1979. Upon consideration of the oral arguments and written memoranda submitted by counsel, the motion is ripe for decision.

This action was commenced on July 6, 1978, by the filing of a Summons and Complaint. The Complaint alleges violations of 42 *U.S.C.A.* §§ 1971, 1973, 1981 and 1983 and the First, Ninth, Thirteenth, Fourteenth and Fifteenth Amendments to the Constitution of the United States because of the application to the Plaintiffs of § 47-2 of the Code of Laws of South Carolina (Cum.Supp.1975), as amended, [§ 5-1-30 of the Code of Laws of South Carolina (1976), as amended].

The pleadings and motion before the Court recite that this same matter, styled differently, was previously before the Fifth Judicial Circuit Court of Common Pleas, State of South Carolina, County of Richland. The substance of that action and of the action herein is the validity of the incorporation of the Town of Hopkins under §§ 47-1 *et seq.* of the Code of Laws of South Carolina (1962), as amended. [These sections have been recodified in §§ 5-1-10 *et seq.* of the Code of Laws of South Carolina (1976), as amended]. The defendants in the state action included the appointed Commissioners of Election of the proposed Town of Hopkins and the Town of Hopkins; the Plaintiffs herein are the Mayor and members of the Town Council of the Town of Hopkins and the Town of Hopkins. However, both groups of these officials represent or represented the Town of Hopkins, which is the real party in interest.[1] The Mayor and Town Council members, furthermore, are actually the successors in interest to the Commissioners of Election. The Defendant Secretary of State also was a defendant in the state proceeding.

---

1. *See* Rule 17(a) of the Federal Rules of Civil Procedure.

On December 6, 1977, an order adverse to the defendants therein [and the Plaintiffs herein] was rendered by the state circuit court. The order declared the municipal incorporation of the Town of Hopkins to be null and void because "a part of the boundary of the Town of Hopkins is within five (5) miles of the City of Columbia." This admitted fact contravened § 47–2[2] of the Code, *supra,* (Cum.Supp.1975) [§ 5–1–30 of the Code (1976), *supra* ].[3] Thereafter, the defendant Town of Hopkins and the defendant Commissioners of Election filed a Notice of Intent to Appeal to the Supreme Court of South Carolina and obtained an order of supersedeas therefrom dated December 9, 1977. However, the appeal was dismissed by the state circuit court on May 2, 1978, due to the failure of the said defendants to timely perfect such appeal. The Plaintiffs herein then filed the present action to stay and permanently enjoin the order of the state circuit court dated December 6, 1977, because of the allegations above-mentioned.[4]

The Court has no jurisdiction to grant the relief prayed for in the Plaintiffs' Complaint because the district courts of the United States are courts of original jurisdiction and do not possess appellate jurisdiction to modify, review or annul the orders and judgments of the courts of the several states. Any review of such orders and judgments must be pursued through the appellate courts of the respective state and by a writ of certiorari to the Supreme Court of the United States. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Anderson v. Lecon Properties, Inc.,* 457 F.2d 929 (8th Cir. 1972), cert. denied 409 U.S. 879, 92 S.Ct. 132, 34 L.Ed.2d 133; *Resolute Insurance Co. v.*

*North Carolina,* 397 F.2d 586 (4th Cir. 1968), cert. denied 393 U.S. 978, 89 S.Ct. 446, 21 L.Ed.2d 439; *Borland v. Johnson,* 88 F.2d 376 (9th Cir. 1937), cert. denied 302 U.S. 704, 58 S.Ct. 24, 82 L.Ed. 544; *Rivera v. Monge,* 448 F.Supp. 48 (D.P.R.1978). The lack of appellate jurisdiction by the district courts is not altered (1) by allegations of the unconstitutionality of a state statute involved in the previous state action between the parties, *Rooker, supra; Resolute Insurance Co., supra; Borland, supra;* (2) by a collateral attack asserting violations of 42 U.S.C. § 1983, *Atchley v. Greenhill,* 517 F.2d 692 (5th Cir. 1975); *Anderson, supra; Coogan v. Cincinnati Bar Association,* 431 F.2d 1209 (6th Cir. 1970); or (3) by alleged defects in the state's appellate procedure, *Atchley, supra; Borland, supra.* This lack of jurisdiction by the district courts applies to any defenses the losing party in the previous state action could have presented. *Borland, supra.*

As will be shown by reference to paragraphs 4, 5, 18, 19, 20, 21, 24, and 41(c) of the Plaintiffs' Complaint and the exhibits attached thereto and to the Plaintiffs' motion for preliminary relief, the present action is obviously a veiled request for appellate review of the state court action by this District Court. To create such subject matter jurisdiction for the Court, the Plaintiffs have alleged the unconstitutionality of a state statute involved in the state proceedings and have asserted a collateral attack utilizing 42 U.S.C. § 1983. *See* (1) and (2) in the preceding paragraph.

Because this action is to permanently enjoin or reverse the order of a state circuit court, the principles of comity and federalism are also relevant to this inquiry.

2. This is the statute the Plaintiffs herein now allege to be unconstitutional.

3. This statute provides that prior to incorporating a proposed municipal area the Secretary of State shall determine "that no part of such area is within five miles of the boundary of any active incorporated municipality."

4. The Defendant Thornton asserts that the Town of Hopkins ceased to exist on May 2, 1978, when the appeal to the South Carolina

Supreme Court was dismissed. *See* Order of Defendant Cobb dated December 6, 1977, and Order of Supersedeas dated December 9, 1977. The Plaintiffs, however, contend that the Town continued to exist after May 2, 1978, as such an entity because they retained their copy of the Certificate of Incorporation, which was apparently in violation of Defendant Cobb's Order. The Plaintiffs' contention appears to be without support.

Wright and Miller, *Federal Practice & Procedure,* Vol. II § 2868, p. 245; *also see, Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *Alhrensfeld v. Stephens,* 528 F.2d 193 (7th Cir. 1975); *Lynch v. Snepp,* 472 F.2d 769 (4th Cir. 1973). These principles support the dismissal of the action as above discussed.

The Plaintiffs herein are attacking the constitutionality of a state statute. However, they should have raised the possible unconstitutionality of the statute during the state court proceedings. The application of the particular statute was the main issue in the state proceedings and the basis for the state court order adverse to the Plaintiffs herein. The failure of the Plaintiffs herein to raise the constitutionality of the state statute in the state proceedings and to timely perfect their appeal has denied the courts of South Carolina an opportunity to review an important state statute. Instead, this Court is being asked to sit as an appellate court to review the state circuit court order and the state statute. This review of the statute will be done without the benefit of a local court's interpretation of its meaning and constitutionality. Such fragmentation of litigation between state and federal courts conflicts with the principles of comity and federalism and the Full Faith and Credit Clause of the Constitution of the United States which implements these principles. *Also see,* 28 U.S.C. § 1738.

Based on the foregoing reasons, Defendant Thornton's motion to dismiss the Complaint as to him on the ground that the Court lacks jurisdiction over the subject matter of the action herein is granted.

AND IT IS SO ORDERED.