993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Bruce B. MOHS, Plaintiff-Appellant,
v.
TRANS WORLD CORPORATION, et al., Defendants-Appellees.
 No. 92-1957.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 14, 1993.*
Decided April 30, 1993.
 
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Bruce B. Mohs, entrepreneur and author of "The Amazing Mr. Mohs," brought this action pro se alleging violations of the First Amendment and of the federal securities and trademark laws stemming from prior state court litigation between Century 21 Real Estate Corporation and himself over the use in Wisconsin of the trade name, "Century 21." Jurisdiction was premised upon the existence of federal questions. 28 U.S.C. § 1331. The district court entered judgment for all the defendants, and this appeal followed.
 
 
 2
 Mohs' appellate brief, apart from its interesting recitation of the events in controversy here, is rather woefully inadequate. It fails to advance any legal argument regarding the propriety of the district court's decision, and it contains a dearth of citation to relevant authority. Fed.R.App.P. 28(a)(5); McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984); United States v. Brown, 899 F.2d 677, 679 n. 1 (7th Cir.1990); Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990). Our job is not to do Mohs' research for him. Pelfresne, 917 F.2d at 1023.
 
 
 3
 Notwithstanding Mohs' noncompliance with Rule 28(a)(5), we agree with the district court that Mohs failed to state a First Amendment claim, Air Wisconsin Pilots Protection Committee v. Sanderson, 909 F.2d 213, 218 (7th Cir.1990), cert. denied, 111 S.Ct. 958 (1991); that Mohs had no standing under either § 12(2) of the Securities Act of 1933, Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 965 (9th Cir.1990); cf. Davidson v. Belcor, Inc., 933 F.2d 603, 605-06 (7th Cir.1991), or Delaware law, Cleaver v. Roberts, 57 Del. 538, 544, 203 A.2d 63, 66 (1964); and that the district court lacked subject matter jurisdiction to review the Wisconsin state court rulings prohibiting Mohs from using the "Century 21" name, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); Leaf v. Supreme Court, 979 F.2d 589, 596 (7th Cir.1992). We therefore AFFIRM the decision of the district court for the reasons set forth in the attached Order.
 
 ATTACHMENT
 
 4
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF WISCONSIN
 
 5
 BRUCE BALDWIN MOHS, Plaintiff,
 
 
 6
 v.
 
 
 7
 METROPOLITAN LIFE INSURANCE CO., and CENTURY 21 REAL ESTATE
 
 
 8
 CORP., Defendants.
 
 91-C-26-C
 ORDER
 
 9
 BARBARA B. CRABB, District Judge.
 
 
 10
 This is an action for monetary and injunctive relief arising from defendant Century 21 Real Estate Corporation's (Century 21) use of the trade name "Century 21." In addition to state tort claims, plaintiff asserts violations of the First Amendment and securities and trademark laws. Jurisdiction is asserted under 28 U.S.C. §§ 1332, 1338, and 15 U.S.C. § 1121.
 
 
 11
 Plaintiff has filed a motion to add Judge Robert R. Pekowsky and Michael J. Wyngaard as defendants and a document entitled "New Evidence for Court & Request for Injunctive Relief," both of which I will construe as motions to amend plaintiff's complaint.[1] Defendants oppose both motions on the grounds that they are untimely and meritless.
 
 
 12
 Defendants Century 21 and Metropolitan Life have moved for summary judgment on the grounds that jurisdiction is lacking; that plaintiff fails to state a claim upon which relief can be granted; that the claims are precluded by res judicata and collateral estoppel; and that plaintiff lacks standing because he did not schedule any of his legal claims as assets when he filed for bankruptcy. Since defendants have addressed the merits of both the original complaint and proposed amendments, I will treat defendants' motion for summary judgment as a motion directed to both the original and amended complaint. I conclude that summary judgment for defendants is proper for reasons that are more fully set out below.
 
 
 13
 Plaintiff has submitted a document entitled "Acknowledgment and Admonishment," in which he acknowledges the receipt of the materials accompanying defendants' motion for summary judgment and requests that Century 21 be enjoined from distributing Century 21 advertisements on the premises of the Ivy Inn. Because plaintiff does not have standing to seek this injunction, I will deny his request.
 
 FACTS[2]
 
 14
 Plaintiff resides in Wisconsin and is a business person and inventor. Defendant Century 21 is a real estate corporation with its principal office in California. It is a wholly owned subsidiary of Metropolitan Life. Defendant Metropolitan Life is a mutual insurance company with its principal office in New York.
 
 
 15
 In 1973 plaintiff recorded the trade name "Century 21" with the Secretary of State for Wisconsin for use in advertising merchandise for residential and commercial buildings. In 1977, defendant Century 21 sought permission to provide real estate brokerage services in Wisconsin, but plaintiff objected on the ground that he owned the rights to use the Century 21 trade name.
 
 
 16
 Counsel for Century 21 wrote the Wisconsin Securities Commissioner on March 24, 1977, stating that plaintiff had never operated a business under the name Century 21 and that plaintiff's use of the name for building supplies did not conflict with Century 21's real estate brokerage business. At or about the time the letter was written, plaintiff placed an advertisement in a local paper which stated "Exclusive in Wisconsin--Century 21--Your Full Line Real Estate Service--Commercial--Industrial--Residential--Shopping Malls and Arcades--a Livesey-Mohs Real Estate Service."
 
 
 17
 On April 15, 1977, Century 21 filed a complaint in Dane County Circuit Court alleging trademark infringement and unfair competition against plaintiff and the Livesey-Mohs partnership. Plaintiff counterclaimed, seeking to enjoin Century 21 from using the trade name "Century 21" and also seeking monetary damages and declaratory relief based on Century 21's alleged trademark infringement.
 
 
 18
 In a partial final judgment on September 23, 1982, Judge Pekowsky canceled plaintiff's and the Livesey-Mohs Partnership's name registration of the trade name Century 21, enjoined them from using the name, and dismissed their counterclaims. Plaintiff attempted unsuccessfully to appeal the partial summary judgment, and then filed an amended answer, affirmative defenses and counterclaims, alleging again that he had superior rights to the trade name Century 21. On plaintiff's motion, the court reconsidered the partial summary judgment it had entered and again granted partial summary judgment in favor of Century 21. A jury returned a verdict against plaintiff on the remaining issues, and Judge Pekowsky entered a final judgment on May 18, 1984, enjoining plaintiff from using the Century 21 name or injuring Century 21's business reputation, ordering him to produce all the materials bearing the name Century 21, and entering a damage award against him of $124,501.
 
 
 19
 In 1985, Transworld Corporation, the owner of Century 21, sold Century 21 to Metropolitan Life. In August 1985, Century 21 became aware that plaintiff was distributing a book in which he described his perception of the litigation involving the Century 21 trade name, and also that plaintiff had written letters to members of the Board of Directors of Metropolitan Life before its purchase of Century 21, claiming that he owned the trade name Century 21. Based on these developments, Judge Pekowksy entered a memorandum decision on January 9, 1986 finding plaintiff in contempt of the 1984 court order, but no contempt order was entered and plaintiff did not appeal the decision.
 
 
 20
 On May 1, 1986, the Wisconsin Court of Appeals reversed the trial court's partial summary judgment, reversed the jury verdict and remanded the case for a new trial on all the issues. In the second trial, the jury returned a special verdict in favor of Century 21 and awarded compensatory and punitive damages. The relevant jury findings were that plaintiff had not established a protectible right to use the Century 21 trade name; did not abandon the trade name; used the Century 21 trade name in a manner likely to cause confusion and with the intent to deceive the public; intentionally interfered with Century 21's expected business relationship; and did not act with malice in publishing statements that cast doubt on the validity of Century 21's trademark. On February 9, 1988, the Dane County Circuit Court entered an amended judgment on the verdict, awarding declaratory and injunctive relief, $4,000.00 in damages and $15,000.00 in punitive damages against plaintiff. Plaintiff attempted unsuccessfully to enlarge his time to appeal, and the court entered an order declaring the amended judgment final and nonappealable.
 
 
 21
 On August 5, 1988, plaintiff filed schedules of his financial affairs in the Bankruptcy Court for the Western District of Wisconsin. During the bankruptcy proceedings, plaintiff attempted unsuccessfully to invalidate a mortgage held by the law firm Wyngaard & Wilson in security for the payment of plaintiff's legal fees incurred during his litigation with Century 21. In those proceedings plaintiff argued that the mortgage should be invalidated because Wyngaard & Wilson failed to disclose that it was representing Century 21 affiliates at the same time it represented plaintiff in his case against Century 21. The bankruptcy court rejected plaintiff's theory,[3] approved plaintiff's amended disclosure statements on February 10, 1989, and entered an order of discharge on October 5, 1989. The schedules and disclosure statements do not list any of the claims that plaintiff asserts in this action. Plaintiff also filed a grievance with the Board of Professional Responsibility of the Supreme Court of Wisconsin concerning Wilson & Wyngaard's alleged conflict of interest.[4]
 
 
 22
 At some point following the bankruptcy court's determination, plaintiff initiated an action in state court against Paul Soglin, a former lawyer at Wyngaard & Wilson, seeking to invalidate Wyngaard & Wilson's mortgage on the ground that the firm provided "disloyal representation" because it failed to disclose a conflict of interest.[5] Plaintiff also filed a grievance with the Board of Attorneys Professional Responsibility of the Wisconsin Supreme Court regarding the alleged disloyal representation.[6]
 
 
 23
 On January 7, 1991, plaintiff filed the complaint in this action against Transworld Corporation, TW holdings (allegedly a successor to Transworld Corporation), SWT Division of Conistan Partners, Century 21 and Metropolitan Life. In his complaint plaintiff alleged that TransWorld Corporation violated federal securities law when it offered a prospectus that omitted the material fact that Century 21 was involved in litigation with plaintiff over the use of its trade name, and this omission prevented shareholders and prospective purchasers from making an educated investment decision regarding the sale of Century 21 to Metropolitan Life. Plaintiff alleged also that his First Amendment rights were violated when he was not permitted to speak at the shareholder's meeting; that the state court proceedings initiated by Century 21 were frivolous, infected with unfairness and the cause of his bankruptcy; that Century 21's continued infringement of the Century 21 trademark disparaged plaintiff's business; that Transworld and Metropolitan Life abused their corporate powers; and that the law firm Wyngaard & Wilson failed to provide loyal representation because it failed to disclose that it represented Century 21 affiliates while simultaneously representing plaintiff in his litigation with Century 21.
 
 
 24
 In an order dated April 11, 1991, I dismissed plaintiff's complaint against defendants Transworld Corporation, TW Holdings and SWT Division of Conistan Partners for plaintiff's failure to state a claim for which relief may be granted. In another order dated June 19, 1991, I established August 1, 1991 as the deadline for serving and filing amendments to the pleadings. That order required a party to attempt to obtain permission from opposing parties before filing a proposed amendment, and required any proposed amendment to be accompanied by a motion for leave to amend along with a statement that the party has been unable to obtain the opposing party's consent.
 
 
 25
 On or about July 15, 1991, defendants informed plaintiff that they would not consent to plaintiff's proposed addition of Michael J. Wyngaard and Judge Robert Pekowsky as defendants. On August 7, 1991, plaintiff filed a motion to add Judge Pekowsky and Michael Ash, an lawyer at Wyngaard & Wilson, as defendants, and on August 9, 1991, plaintiff filed a motion titled "New Evidence for the Court and Request for Injunctive Relief by Plaintiff."
 
 OPINION
 
 26
 Defendants oppose plaintiff's motions to amend his complaint on the ground that they are untimely. However, the technical rules of civil procedure are relaxed for pro se plaintiffs, and it does not appear that defendants will be prejudiced by my consideration of plaintiff's motions, despite their untimeliness and lack of conformity to civil procedure requirements. Because defendants also oppose the amendments on the same grounds as they oppose the original complaint, I will consider defendant's motion for summary judgment as directed to all of plaintiff's claims, amended and original.
 
 Federal Securities Law
 
 27
 Plaintiff contends that Transworld Corporation colluded with Metropolitan Life to violate federal securities law by offering a prospectus that omitted the material fact that Century 21 was involved in litigation with plaintiff over the use of its trade name. In the April 11, 1991 order I dismissed this claim against Transworld, TW Holdings and SWT Division because plaintiff did not buy the security and therefore did not have standing to maintain an action under § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77(1)(2). Furthermore, even if plaintiff had bought a security, his claim would be barred by the one-year statute of limitations, 15 U.S.C. § 77(m), and plaintiff's broad allegations of collusion between Transworld and Metropolitan Life were "too vague to establish the basis for any claim that these defendants violated any particular right of plaintiff, or violated a particular law that resulted in harm to plaintiff."
 
 
 28
 For these same reasons I will dismiss this action against the remaining defendants. Plaintiff has not refined his allegations, and even if he had alleged collusion with sufficient specificity, plaintiff's claim would fail because he lacks standing and the statute of limitations bars his claim.
 
 First Amendment Rights
 
 29
 Plaintiff contends that his First Amendment rights were abridged when he was prevented from speaking at the shareholder meeting in New York concerning the sale of Century 21 to Metropolitan Life. As I explained in the April 11, 1991 order, the United States Constitution limits governmental action, not private action. See Spencer v. Lee, 864 F.2d 1376, 1378 (7th Cir.1989), cert. denied, 110 S.Ct. 1317 (1990). Not only does plaintiff fail to allege any governmental participation, he also fails to allege that Century 21 or Metropolitan Life were involved in preventing plaintiff from speaking at the meeting. Therefore, this claim will be dismissed for plaintiff's failure to state a claim under Fed.R.Civ.P. 12(b)(6).
 
 Abuse of Corporate Power
 
 30
 Plaintiff contends that Transworld Corporation's conduct at the shareholder meeting constituted an abuse of power warranting the revocation of its corporate charter under the laws of Delaware. In the April 11 order I dismissed this claim because plaintiff failed to allege any facts that would explain how any such abuse affected or injured his interests. Furthermore, this court has no power to grant plaintiff relief because Delaware law specifies that any proceedings to revoke a corporate charter must be taken by the Delaware General Attorney.
 
 
 31
 Plaintiff makes no allegations regarding this claim against Century 21, and only vague allegations that Metropolitan Life was involved in Transworld's alleged abuse of corporate power. As discussed above, these allegations are too vague to state a claim, and even if they were sufficiently specific plaintiff has no federal claim because federal court is not the proper forum for revoking a corporate charter granted by the State of Delaware. Therefore this claim is dismissed for plaintiff's failure to state a claim under Fed.R.Civ.P. 12(b)(6).
 
 Relief from State Judgments
 
 32
 Distilled to their essential nature, plaintiff's claims all arise from his disagreement with the state court rulings prohibiting him from using the Century 21 trade name. He attacks the rulings on the grounds that the lawsuits instigated against him were frivolous; the rulings adverse to him were incorrectly decided; and that Michael Ash, a lawyer at the law firm of Wyngaard & Wilson who represented plaintiff during the second jury trial also represented A-K Realty, a Century 21 franchisee, which precluded Ash from vigorously and objectively representing plaintiff. Plaintiff contends that the protracted and frivolous litigation initiated by Century 21 has disparaged plaintiff's business and driven him to bankruptcy.
 
 
 33
 As I stated in the order dated April 11, 1991, federal district courts do not have authority to review the outcome of claims brought and decided in state court, even when the plaintiff characterizes his claim as a new injury or one of constitutional dimensions. See, e.g., Jentges v. Milwaukee County Circuit Court, 733 F.2d 1238, 1244 (7th Cir.1984) (federal court will not set aside conviction in guise of due process review simply because it might disagree with the state court's interpretation of state law) (citing United States ex rel. Burnett v. People of the State of Illinois, 619 F.2d 668, 671 (7th Cir.), cert. denied, 449 U.S. 880 (1980); Hale v. Harney, 786 F.2d 688, 691 (5th Cir.1986) (litigant challenging trial court's ruling in divorce case cannot style suit as civil rights claim to obtain review in federal court if "in essence" court is being asked to review state decision); see also the Order and Opinion entered herein on April 11, 1991, at page 12.
 
 
 34
 Plaintiff does not allege a constitutional infirmity in the state court proceedings; rather, his primary complaint is that he disagrees with the state's decision. This court cannot "modify, review or annul the orders and judgments" of state courts. Town of Hopkins v. Cobb, 466 F.Supp. 1212, 1214 (D.S.C.1979). The proper avenue for obtaining such review is through the appellate courts of the state. Id. at 1214 (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)). Plaintiff's claims against Century 21 and Metropolitan Life are essentially only an attempt to relitigate the issue of who owns the Century 21 trademark, an issue already fully explored in state court.
 
 
 35
 Furthermore, plaintiff's claim that Century 21's litigation was frivolous is meritless because Century 21 prevailed in protracted state court proceedings. Even if Century 21's state claim was frivolous, the proper avenue for redress was in the state court proceedings regarding the Century 21 trade name. Wis.Stat. § 814.025 (providing for the award of costs for frivolous actions at any time during the proceedings). Similarly, any claims of business disparagement arising from Century 21's use of the trade name should have been raised in the state proceedings litigating the issue of who may use the trade name in Wisconsin.
 
 
 36
 Even if this court could review the state court decision, plaintiff would not be entitled to a new trial on the ground that his attorney refused to disclose a conflict of interest, because each party is "deemed bound by the acts of his lawyer-agent...." Links v. Wabash R.R., 370 U.S. 626, 633-34 (1962); Village of Big Bend v. Anderson, 103 Wis.2d 403, 406, 308 N.W.2d 887, 889 (Wis.Ct.App.1981). Plaintiff's recourse is a suit for malpractice, such as the one he is pursuing in state court.
 
 
 37
 In addition to a new trial, plaintiff seeks to set aside Wilson & Wyngaard's mortgage on plaintiff's property because of the alleged conflict of interest. This claim was rejected by the bankruptcy court, and if plaintiff desired to appeal that decision, he must have filed a notice of appeal within 10 days of the entry of the final order. Bankruptcy Rule 8002(a); In re Souza, 795 F.2d 855 (9th Cir.1986) (10-day filing period strictly construed). Nothing in the record suggests that plaintiff has filed a notice of appeal. Plaintiff cannot now seek to appeal the order over two years after its entry.
 
 Injunction
 
 38
 In his "Acknowledgment & Admonishment" plaintiff alleges that Century 21 has been "loitering" on and in the premises of the Ivy Inn to distribute Century 21 advertising. Plaintiff requests that Century 21 be enjoined from this activity and in return he offers to cease advertising the "Century 21 (of WI) in the office area of either Mr. Zaslav or Mr. Decker."[7] Because pro se plaintiffs are to be treated liberally, I will construe plaintiff's request as a motion for preliminary injunction.
 
 
 39
 Plaintiff does not allege that the distribution of advertisements has violated any legal right of his, a necessary prerequisite to seeking an injunction. Palmer v. City of Chicago, 755 F.2d 560, 573 (7th Cir.1985) (plaintiff must allege sufficient harm to have standing to seek injunction). It has already been determined in lengthy state proceedings that plaintiff has no rights to the Century 21 trade name, so plaintiff cannot claim the injury of trademark infringement. Another possible injury might be that of trespass, but any trespass would injure the Ivy Inn, not plaintiff. If any person or entity has standing to seek an injunction, it would be the Ivy Inn, not plaintiff. Because no right of plaintiff is being violated, plaintiff's motion for an injunction will be dismissed for lack of standing. Even if plaintiff did have standing it is unlikely that an injunction would be granted because plaintiff has failed to show a likelihood of success on the merits of his claim, an impending irreparable injury resulting from the distribution, or the absence of an adequate remedy at law. Cox v. City of Chicago, 868 F.2d 217, 219 (7th Cir.1989).
 
 
 40
 Because all of plaintiff's claims will be dismissed for failure to state a claim, lack of jurisdiction, or lack of standing, and because the claims asserted against Judge Pekowsky and Michael Wyngaard have no merit, I will deny plaintiff's motion to amend the complaint to add these two defendants. This disposition of the case makes it unnecessary to address defendants' argument that plaintiff lacks standing to assert the claims set forth in his complaint because he failed to list them as assets in his bankruptcy schedule of assets.
 
 ORDER
 
 41
 IT IS ORDERED THAT plaintiff's motion to amend his complaint is DENIED, defendants' motion for summary judgment is GRANTED, and plaintiff's motion for an injunction is DENIED. The Clerk of Court is directed to enter final judgment for all defendants.
 
 
 42
 Entered this 4th day of November, 1991.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Fed.R.App.P. 34(a); Circuit Rule 34(f). Mohs has filed such a statement. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Plaintiff has not submitted an amended complaint that entirely replaces his original complaint as required by this court; however, in the interest of efficiency I will consider the original complaint together with the allegations contained in the motions to amend the complaint
 
 
 [2]
 Plaintiff has not submitted Proposed Findings of Fact and Conclusions of Law, and he has not challenged any of defendants' proposed findings of fact, despite the detailed instructions that were sent to him with the order dated June 19, 1991. As a result, I have found as undisputed facts defendants' proposed findings of fact (which are amply supported in the record). Plaintiff submitted an untimely response in opposition to defendants' motion for summary judgment which I will consider despite its untimeliness since plaintiff is proceeding pro se
 
 
 [3]
 Neither party has provided a transcript or written order from the bankruptcy proceedings, but I take judicial notice of the fact that an order denying plaintiff's objection to Wyngaard & Wilson's claim was entered on September 25, 1989 in bankruptcy case number MM7-88-01717, in the Bankruptcy Court for the Western District of Wisconsin
 
 
 [4]
 The date and outcome of the Board of Professional Responsibility's investigation have not been provided. However, I infer from plaintiff's continued attempts to relitigate this issue that the outcome was unfavorable to him
 
 
 [5]
 Plaintiff attached a copy of this complaint to his Preliminary Pretrial Statement, but it is unclear what date the complaint was filed, although the date that plaintiff signed the complaint is January 30, 1991. No further information has been provided regarding the current status of this case
 
 
 [6]
 I am unable to determine the outcome of this investigation from the record
 
 
 [7]
 Mr. Decker is the attorney of record for defendants, but Mr. Zaslav's relationship to this dispute is unclear