Alfred **TUFANO**, Plaintiff,

v.

Hon. Bruce D. **ALPERT**, Defendant.

No. 96–CV–4049 (DRH).

United States District Court,
E.D. New York.

June 27, 1997.

Alfred Tufano, Manhassett, NY, pro se.

Dennis C. Vacco, Attorney General of the State of N.Y. by Robert K. Drinan, Assistant Attorney General, Mineola, NY, for Defendant.

*MEMORANDUM AND ORDER*

HURLEY, District Judge

Presently pending before the Court in the above captioned-case is the motion of Defendant Hon. Bruce D. Alpert ("Justice Alpert") to dismiss the claims of Plaintiff Alfred Tufano ("Mr. Tufano" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(1).

For the reasons set forth below, Defendant's motion is granted.

## BACKGROUND

Plaintiff Mr. Tufano is a defendant in a divorce action commenced by his wife in 1991 in the Supreme Court of the State of New York, County of Nassau ("Nassau County Supreme Court"). Defendant Justice Alpert, a justice of that court, has presided over the case against Mr. Tufano.

In 1996, Mr. Tufano served a motion to amend his answer in that state court action; his motion was denied by order dated February 29, 1996. In March of 1996, Mr. Tufano's wife filed a motion in Nassau County Supreme Court for permission to file a note of issue and certificate of readiness for trial, which Mr. Tufano opposed.

By order dated June 7, 1996, Mrs. Tufano's motion to file a note of issue and certificate of readiness was granted. (Compl. Ex. A.) The court directed each party to exchange net worth statements at least fourteen days prior to trial. (*Id.*) By order dated June 12, 1996, Mr. Tufano's application for leave to amend his answer to assert a counterclaim was denied because of extended delay on the part of Mr. Tufano. (*Id.* Ex. C.) By order dated July 5, 1996, Mr. Tufano's motion to compel updated net worth statements was denied as moot based upon the court's order of June 7, 1996. (*Id.* Ex. D.)

Plaintiff brings the instant action under 42 U.S.C. § 1983 [1], seeking a temporary restraining order and an injunction prohibiting Justice Alpert from proceeding with the case against Mr. Tufano in state court. He also appears to object to Justice Alpert's denial of his motion to amend.

## DISCUSSION

Defendant has moved to dismiss the instant action claiming, *inter alia*, that the Court does not have subject matter jurisdiction over Plaintiff's claim. Plaintiff responds that subject matter jurisdiction is properly found here.

■ Under 28 U.S.C. § 1331, a federal court has jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908).[2]

■ Despite Plaintiff's denomination of the instant case as a civil rights action under 42 U.S.C. § 1983, Plaintiff is in essence seeking a reversal of the decisions of Justice Alpert, especially his decision that Plaintiff's divorce action proceed to trial. Construing the complaint in the light most favorable to the Plaintiff, and reading Plaintiff's papers liberally in light of his *pro se* status, *see Burgos v. Hopkins,* 14 F.3d 787 (2d Cir. 1994), the Court concludes that it is without subject matter jurisdiction in the instant case. It is clear from the allegations of the complaint that Plaintiff is not raising an independent civil rights claim, but instead is objecting to Justice Alpert's decisions in the state court case.

For example, Mr. Tufano alleges in his complaint that Defendant "conspire[d] to issue said wrongful order," (Compl.¶ 28) and asks the Court to restrain the trial from proceeding, so that he may "perfect [his] appeals" and "produce his evidence." (Pl.'s Mem. at 6.) He claims that he was denied his right to produce evidence—specifically, supplemental net worth statements—and that Justice Alpert allowed his "adverse party" to "prematurely" proceed to trial. (Compl.¶ 14.) Plaintiff further alleges that his action under Section 1983 was brought "on the basis that New York State laws are being applied unconstitutional [sic] by said court upon plaintiff...." (*Id.* ¶ 19.) In

---

1. Plaintiff also alleges violations of state law.

2. Plaintiff also alleges jurisdiction under 28 U.S.C. § 1343(a)(1–3), which provides for jurisdiction over actions brought pursuant to 42 U.S.C. § 1985 or actions alleging the deprivation, under color of State "law, regulation, statute, ordinance, custom or usage" of certain rights provided for in the Constitution or by an Act of Congress.

summarizing his complaint, he states that Justice Alpert "denied plaintiff his rights [sic] to produce his evidence ... by granting the adverse party permission to proceed to trial BEFORE completion of all pretrial proceedings in which it is in direct conflict with New York state rules of court and other regulated statutes." (*Id.* at 9.)

■ A United States district court is not the proper forum for an appeal from a state court decision. In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court addressed this issue at length. *Feldman* involves a Plaintiff who sought admission to the District of Columbia Bar and was denied admission. Plaintiff appealed the District Bar's decision to the District of Columbia Court of Appeals, where his petition for admission was again denied. Thereafter, Feldman challenged the constitutionality of the District Bar's refusal to admit him in federal district court.

The Supreme Court held that where the Plaintiff objected to the judicial actions of the District of Columbia court, the proper method for pursuing his objection was to appeal that decision within the District of Columbia system and perhaps directly to the United States Supreme Court. Such matters may not be appealed to a federal district court. *Id.* at 482, 103 S.Ct. at 1314–15; *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923) (noting that even if a state court did err in its decision, "that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding"); *Tang v. Appellate Div. of N.Y. Supreme Court, First Dep't*, 487 F.2d 138, 142 (2d Cir.1973) (citing approvingly *Anderson v. Lecon Properties, Inc.*, 457 F.2d 929 (8th Cir.), *cert. denied*, 409 U.S. 879, 93 S.Ct. 132, 34 L.Ed.2d 133 (1972) (holding that the district court had no jurisdiction over a 42 U.S.C. § 1983 claim that alleged errors by a Minnesota state court)), *cert. denied*, 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974).

■ Plaintiff may not appeal the decision of a state court judge under the guise of a civil rights action. As the Supreme Court in *Feldman* noted, the rule that appeals may not be pursued in a federal district court "applies even though ... the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Feldman*, 460 U.S. at 485, 103 S.Ct. at 1316. Federal courts "do not have jurisdiction ... over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Id.* at 486, 103 S.Ct. at 1317.

In his memorandum of law, Mr. Tufano argues that he challenges the "making and formation" of Justice Alpert's decision. (Pl.'s Mem. at 3.) He claims that Justice Alpert perjured himself in reaching his decisions in Mr. Tufano's divorce action. Although Plaintiff does not raise perjury in his complaint, he does allege "lies" and "dishonesty" on the part of Justice Alpert; however, these allegations are merely part of his attacks on Justice Alpert's decisions. The allegations of dishonesty are not proper predicates for subject matter jurisdiction in this case.

Mr. Tufano cites *Schneider v. Colegio de Abogados de Puerto Rico*, 917 F.2d 620 (1st Cir.1990), *cert. denied* 502 U.S. 1029, 112 S.Ct. 865, 116 L.Ed.2d 772 (1992), in support of his claim that this Court has jurisdiction over this case. (Pl.'s Mem. at 3.) However, *Schneider* did not involve challenges to a particular state court decision; instead, the *Schneider* plaintiffs challenged the constitutionality of a broad policy. *Schneider* is clearly inapposite. Unlike the Plaintiffs in *Schneider*, Plaintiff here challenges the legality of the judicial decisions of Justice Alpert. The standards set forth above, indeed, were recognized by the court in *Schneider*, which stated that "it is well-established that lower federal courts have no jurisdiction to hear appeals from state court decisions, even if the state judgment is challenged as unconstitutional." *Id.* at 628.

## CONCLUSION

This Court has no subject matter jurisdiction over Plaintiff's action, and, accordingly,

Defendant's motion is granted.[3] The complaint in this action is hereby dismissed.

SO ORDERED.

---

**3.** The Court has not, therefore, reached the other arguments proffered by Defendant as grounds for his motion to dismiss.